ESTHER J. JOHNSON, Respondent, *v.* WILBUR C. JOHNSON, Appellant, .Impleaded with Another.

Husband and wife — matrimonial actions — jurisdiction of courts purely statutory — action by wife for increased alimony under agreement of separation — courts have no power to allow counsel fee or direct larger allowance than that specified in agreement.

1. The only jurisdiction which the courts of this state possess in matrimonial actions is that conferred by statute and such further powers as are necessarily incident to the exercise thereof. They have no jurisdiction of an action brought merely to secure maintenance and support or alimony, where there is no prayer for a decree of separation, and in such an action have no power to award alimony or counsel fees *pendente lite.* (*Ramsden* v. *Ramsden*, 91 N. Y. 281, followed.)

2. Where plaintiff does not appeal to the court to grant her a separation from her husband, but brings an action in which she stands on the agreement of separation voluntarily executed by the parties and under which they have already lived for several years, it is not a matrimonial action under section 1769 of the Code of Civil Procedure.

3. Although action may be maintained in equity to set aside a separation agreement as procured by fraud and duress upon facts authorizing such relief, the court has no power to allow counsel fees therein *pendente lite.*

4. Where husband and wife have entered into a separation agreement which provides as one of its features for an allowance to the w fe, the court cannot annul this latter provision leaving the rest of the agreement intact, and then substitute its decision for the agreement of the parties as to the amount of the allowance. (*Galusha* v. *Galusha*, 138 N. Y. 272, distinguished.)

*Johnson* v. *Johnson*, 151 App. Div. 545, reversed.

(Argued November 18, 1912; decided December 10, 1912.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 24, 1912, which reversed an order of Special Term denying a motion for counsel fees *pendente lite* and granted said motion.

The following questions were certified:

" 1. Did the Supreme Court at Special Term have power to award to the plaintiff any sum as counsel fee in this case?

" 2. Did the Appellate Division of the Supreme Court, second department, have power to award to the plaintiff any sum as counsel fee in this case? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*James S. Darcy* and *Henry Smith* for appellant. Even if this court should conclude that the court below had the power to award counsel fee *pendente lite*, no case was made out for the exercise of that power. (*Lake* v. *Lake*, 194 N. Y. 179; *Collins* v. *Collins*, 80 N. Y. 1; *D'Aquilar* v. *D'Aquilar*, 1 Hagg. 773; *Holmes* v. *Holmes*, 2 Lee, 90; *De Brauwere* v. *De Brauwere*, 203 N. Y. 460; *Adams* v. *Adams*, 91 N. Y. 381; *Carver* v. *Wagner*, 51 App. Div. 47; *Howland* v. *Howland*, 20 Hun, 472; *Adams* v. *Curtis*, 4 Lans. 164.) A separation agreement creates ordinary contract rights and obligations which the court cannot change so long as the contract exists. (*Walker* v. *Walker*, 9 Wall. 743; *Galusha* v. *Galusha*, 116 N. Y. 635; *Carson* v. *Murray*, 3 Paige, 483; L. 1896, ch. 272, § 21; *Winter* v. *Winter*, 191 N. Y. 462; *Pettit* v. *Pettit*, 107 N. Y. 677; *Minor* v. *Parker*, 65 App. Div. 120; *McGean* v. *Parsons*, 150 App. Div. 208; *Kendall* v. *Webster*, 1 H. & C. 440; *Hughes* v. *Cuming*, 165 N. Y. 91; *Tallinger* v. *Mandeville*, 113 N. Y. 427; *Hungerford* v. *Hungerford*, 161 N. Y. 550.) It is fraud in relation to a contract, and not the relationship of the parties to each other, that gives a court of equity jurisdiction to set aside or reform a contract, whether it be a deed or bond or separation agreement or any other contract. (*Hunt* v. *Hunt*, 72 N. Y. 217, 230; *Hughes* v. *Cuming*, 165 N. Y. 91; *Mildmay* v. *Mildmay*, 1 Vern. 53; *Legard* v. *Johnson*, 3 Ves. 351; *Ball* v. *Montgomery*, 2 Ves. 101; *Marshall* v. *Rutan*, 3 D. & E. 545.) The court below had no

inherent power to make the order appealed from. (*Flanagan* v. *G. S. Co.*, 63 N. J. L. 647; *Burr* v. *Burr*, 7 Hill, 207; *Beadleston* v. *Beadleston*, 103 N. Y. 402; *McCarthy* v. *McCarthy*, 137 N. Y. 500; *Naumer* v. *Gray*, 28 App. Div. 529; *Ramsden* v. *Ramsden*, 91 N. Y. 281; *Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456; *Atwater* v. *Atwater*, 53 Barb. 621; *Davis* v. *Davis*, 1 Hun, 444; *Douglass* v. *Douglass*, 5 Hun, 140; Pom. Eq. Juris. [2d ed.] § 1119.) There is no statute that expressly or impliedly empowers the court to make the order appealed from. (*Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456.) The statute is clear and explicit; under it the court can only award counsel fee *pendente lite* in a matrimonial action as defined in the statute. (*Lake* v. *Lake*, 194 N. Y. 179; *Ramsden* v. *Ramsden*, 91 N. Y. 281; *Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456; *Beadleston* v. *Beadleston*, 103 N. Y. 402; *McCarthy* v. *McCarthy*, 137 N. Y. 500; *Atwater* v. *Atwater*, 53 Barb. 621; 36 How. Pr. 431; *Davis* v. *Davis*, 1 Hun, 344; *Douglas* v. *Douglas*, 5 Hun, 140; *Higgins* v. *Sharp*, 164 N.Y. 4; *Jones* v. *Brinsmade*, 183 N. Y. 260.)

*E. Crosby Kindleberger* for respondent. An agreement of separation is equivalent in most respects to a decree of separation and changes the marital status of the wife and husband. (*Galusha* v. *Galusha*, 116 N. Y. 635.) A court of equity will set aside an agreement of separation which is inequitable, unfair and unjust to a wife, especially where duress, fraud and undue influence was practiced by her husband. (*Sears* v. *Shafer*, 6 N. Y. 268; *Boyd* v. *De La Montagnie*, 73 N. Y. 498; *Galusha* v. *Galusha*, 138 N. Y. 272; *Hungerford* v. *Hungerford*, 161 N. Y. 550; *Winter* v. *Winter*, 191 N. Y. 462; *Willett* v. *Willett*, 104 Ill. 122; *Randall* v. *Randall*, 37 Mich. 563; *Daniels* v. *Daniels*, 9 Col. 133; *Miller* v. *Miller*, 16 Ohio St. 527; *Bloom* v. *Bloom*, 17 Pa. Co. Ct. 478.) The existence of a separation agree-

ment, which is sought to be set aside, does not bar the wife's right to counsel fee in an action affecting her matrimonial status. (*Griffin* v. *Griffin*, 47 N. Y. 134; *Higgins* v. *Sharp*, 164 N. Y. 4; *Jones* v. *Brinsmade*, 183 N. Y. 258; *Naumer* v. *Gray*, 28 App. Div. 529; *Browne* v. *West*, 143 App. Div. 966; *Horn* v. *Schmalholtz*, 150 App. Div. 333; *Collins* v. *Collins*, 80 N. Y. 1; *Grube* v. *Grube*, 65 App. Div. 238; *Phillips* v. *Peacock*, 63 Misc. Rep. 520.)

HISCOCK, J. In this action, brought by plaintiff against her husband as defendant, the Appellate Division overruling the Special Term has made an allowance for counsel fees to enable the plaintiff to maintain the action. In determining whether it had the right to do this it becomes important at the outset to examine the complaint for the purpose of ascertaining what nature of action this may be, for undoubtedly a wife is not entitled to counsel fees *pendente lite* in every action which she may desire to prosecute against her husband.

The complaint, amongst other things, alleges marital differences between the parties and the execution of a separation agreement. This agreement, in its important clauses, in substance provides in familiar terms that the wife may live separately and apart from her husband, free as an unmarried woman from his interference and control, and that the latter will pay to her a certain sum for support and maintenance. The complaint alleges that several weeks were spent in negotiations concerning this provision for support, and that when plaintiff signed it she "well knew that the terms of said agreement were unfair and unjust to her;" that because of the peculiar relations existing between the parties and on account of the cruel treatment of plaintiff by defendant, "and because of the undue influence exercised by the defendant over the plaintiff in procuring the execution of said agreement by the plaintiff and because she was to a large

degree then subject to his will as to the terms of said agreement and because of the unfair, unjust and inequitable terms of said deed or agreement the plaintiff claims that the same was or is at her option void, and should be set aside and cancelled by the Court as unfair and inequitable and inadequate." The prayer for relief, however, does not ask that said agreement as a whole be set aside, but only that it " be set aside so far as it limits the plaintiff to the sum of $25.00 per week (fixed by the agreement) and that at least the sum of $3,000.00 a year be allowed to her for life together with a sum to defray the counsel fees and expenses of this action, together with * * * such other and further relief as may be right and just in the premises."

This examination of the complaint makes it clear that this action is not a matrimonial action, or as urged by respondent's counsel, " in the nature of a matrimonial action," so as to permit the allowance of counsel fees on that ground. The plaintiff clearly and designedly does not appeal to the court to grant her a separation from her husband, but stands on the agreement of separation voluntarily executed by the parties and under which they have already for several years lived. The most that can be claimed in behalf of the action for the purpose of bringing it within the class named is that the parties having agreed on a separation and an allowance, the plaintiff desires to have the court now fix an allowance for support as it might have done if.it had originally secured jurisdiction in an action decreeing separation. The court, however, has no power to entertain jurisdiction of an action for such limited purpose under the powers conferred upon it in matrimonial actions. It is settled that the only jurisdiction which it possesses in such actions is that conferred upon it by statute and some further minor powers necessarily incident to the exercise thereof. (*Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456.)

Coming to the particular class of matrimonial actions most nearly resembling the present action, it has been held that the court has no jurisdiction of an action brought merely to secure maintenance and support or alimony, there being no prayer for a decree of separation, and in such an action has no power to award alimony or counsel fees *pendente lite.* Such an action is not provided for by statute, as the essential feature necessary to give the court jurisdiction in an action for separation is a prayer for that particular relief. (*Ramsden* v. *Ramsden,* 91 N. Y. 281.)

If the court could not entertain jurisdiction for the purpose of giving support, alimony and counsel fees in an action like the one cited where facts were alleged entitling the plaintiff to a decree of separation but she not asking for it, it seems apparent that it cannot take jurisdiction of the present action as a matrimonial action for the purpose of awarding similar support and counsel fees where the parties have already agreed on a separation and the plaintiff does not ask for a decree awarding that feature of relief.

If this is not a matrimonial action under the provisions of the Code I know of no authority which permitted the allowance of counsel fees to 'the plaintiff on the theory now being discussed. Section 1769 of the Code provides for allowance of counsel fees in actions for divorce or separation and it has been held that this provision limits the power of the court to grant such relief except that, since it is expressly given jurisdiction to entertain an action to annul a marriage, it may as a necessary or reasonable incident to the power thus conferred on it grant to the wife counsel fees for the purpose of defending herself in an action of that description. (*Higgins* v. *Sharp,* 164 N. Y. 4.)

But it is further urged that this action may be maintained in equity to set aside the separation agreement as procured by fraud and duress, and that the court having

general powers to entertain such an action may likewise
by virtue of such powers allow counsel fees *pendente lite.*
This theory as to counsel fees was distinctly adopted by
the Appellate Division on a former appeal and is some-
what generally advocated by respondent's counsel on the
present appeal. Undoubtedly an action in equity may be
maintained on proper grounds to set aside a separation
agreement. But such an action would rest on the same
general principles as a similar action affecting any con-
tract. The plaintiff would be allowed to maintain it not
because the agreement related to the marital relation but
because she had been persuaded by fraud or duress to
enter into a contract impairing her legal rights. The
fact that the defendant in such suit was her husband
might be a potential one in proving fraud or duress but
it would not constitute a cause of action. Such a suit
would be governed by the same principles as one to
procure the cancellation of a contract for the sale of land
or the purchase of personal property, and I am not aware
of any influential authority for the proposition that in an
ordinary equity suit between wife and husband affecting
property rights counsel fees should be allowed to the
former during pendency of the action. Certainly no such
an one has been cited. In the opinion of the Appellate
Division some very early English authorities were cited
as sustaining the exercise of this power, but whether they
do this or not, I think it must be assumed, in the absence
of any case in this state where this has been done, that
this view has not been adopted or approved in this
jurisdiction.

Still further, in my opinion, the plaintiff fails to set
forth facts which will entitle her to the relief which
she is seeking and of course if this is so she is not
entitled to counsel fees independent of any other consider-
ation. As has been pointed out, she does not seek to
have the separation agreement as an entirety set aside
but asks that the provision for allowance be modified by

awarding her a greater sum. It is true that a complaint is not always to be rigidly tested by the prayer for relief, and that the latter often will be adjusted to the allegations of the complaint, and on this theory it might be said that the complaint containing allegations stating a cause of action to have the entire agreement set aside for fraud and duress, the prayer for relief would be modified to suit those allegations. But assuming without deciding that the complaint does contain certain allegations showing a right to have the entire agreement set aside for fraud and duress, the plaintiff intentionally and deliberately, as shown not only by the complaint but by her counsel's argument upon this appeal, confines her request simply to a prayer for modification of the amount of allowance for support. She has the power to take this position, and evidently for some reason prefers to preserve the agreement so far as it provides for separation. The question thus becomes whether where parties do enter into a separation agreement which provides as one of its features for an allowance to the wife, the court can annul this latter provision leaving the rest of the agreement intact, and then substitute its decision for the agreement of the parties as to the amount of allowance. It is very clear that this cannot be done. In the first place, the amount of allowance for support to be paid by the husband is so far an integral part of the agreement for separation that I doubt whether it could be set aside without annulling and canceling the entire agreement. But beyond this the court cannot reform an agreement entered into by parties by making a new agreement or provision for them in the place of the one which they have adopted. (*Hughes* v. *Cuming*, 165 N. Y. 91, 96, 97.)

It would seem that the present case has been confused with those in which the courts have so reformed a contract, whose execution has been attended by mistake or fraud, as to make it conform to the agreement actually made and intended by the parties. But those cases are

no authority for the proposition that the court may cancel a contract made by parties and in its place substitute one which it thinks proper, but which as a matter of fact the parties had never assented to.

The deficiencies of the complaint in this action are made apparent by an examination of the case of *Galusha* v. *Galusha* (138 N. Y. 272), especially relied on as a precedent for the action. That case came to this court on an appeal from a judgment sustaining a demurrer to the plaintiff's complaint. The latter in substance alleged that the parties had entered into a separation agreement with a provision for payment to the wife by the husband of an annual allowance; that subsequently the wife brought an action for absolute divorce on the ground of adultery and succeeded; that while the lower courts held otherwise, this court held that the separation agreement, while not a bar to an action for absolute divorce, did so long as it stood uncanceled bar a provision for increased alimony; that said agreement of separation had been procured by coercion and duress. On these allegations relief was prayed that the entire separation agreement be adjudged invalid and set aside and that the judgment in the prior divorce case be opened so as to permit an allowance for alimony to be made at a larger rate than had been provided for in the separation agreement. The purpose of the action as disclosed by the complaint was to have the court as one of equity set aside for fraud and duress a separation agreement between the parties so that it should no longer be a bar to a proper provision for alimony in a decree for absolute divorce in the former action. It was held that the complaint stated a cause of action as against the separation agreement, and the propriety and logic of that decision seem quite apparent. There was stated an ordinary cause of action to get rid of an instrument which was infected by fraud and duress. I entirely fail to see, however, how that decision furnishes any authority for the maintenance of this action, in

which plaintiff does not seek to have the agreement as a whole set aside but only one provision thereof, and then that the court by virtue of its equitable powers make a new agreement for the parties.

For these reasons I think that the order appealed from should be reversed and that of the Special Term affirmed, with costs in both courts, and both questions certified to us answered in the negative.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and WILLARD BARTLETT, JJ., concur.

Order reversed, etc.