JOHN M. STODDARD, Respondent, *v.* MAUDE R. STODDARD, Appellant.

First Department, April 17, 1919.

**Husband and wife — action under separation agreement to have amount to be paid by husband to wife reduced — jurisdiction.**

A separation agreement between a husband and wife providing for the payment of a certain sum per month for the support and maintenance of herself and children, and also for the custody of the latter, further provided that "In the event that there should be any material change in the circumstances of either of the parties hereto either party hereto shall have the right to apply to any court of competent jurisdiction for a modification of the provisions herein regarding the amounts to be paid hereunder by the party of the first part to the party of the second part hereto."

A complaint alleging that since said separation agreement was executed and delivered, there has been a material change in the circumstances of the parties, whereby the plaintiff's income and earning ability have been materially and substantially reduced, and whereby the defendant's personal and private income have been materially increased; that defendant has commenced an action against plaintiff for the recovery of the sums

mentioned in the agreement, and, unless restrained, will institute like actions each month, and asking that the amounts to be paid by plaintiff to defendant be reduced and fixed " according to the course and practice of this court in matrimonial actions," does not state a cause of action of which the court has jurisdiction.

SHEARN and SMITH, JJ., dissented, with opinion.

APPEAL by the defendant, Maude R. Stoddard, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of December, 1918, denying her motion for judgment on the pleadings, consisting of the amended complaint and her demurrer thereto, and overruling said demurrer.

*A. M. Wattenberg* of counsel [*William S. Bennet,* attorney], for the appellant.

*Frederick E. Anderson* of counsel [*H. Snowden Marshall* with him on the brief; *Stoddard & Mark,* attorneys], for the respondent.

CLARKE, P. J.:

The complaint alleges that the plaintiff and defendant duly intermarried on or about May 29, 1901, and that there are two children of said marriage; that on or about December 1, 1916, while living separate and apart from each other, they entered into a separation agreement. Said agreement is attached to the complaint and provides in great detail for cessation of all mutual relations; for the custody of the children by the wife until they attain the age of fourteen years, and thereafter, if no objection thereto be made by the husband, and for the payment to the wife of $700 a month, $500 being for her support, maintenance, use and benefit and $100 for the support and maintenance of each of the children. She covenanted so long as the payments were made to keep her husband free and harmless from any and all debts and liabilities incurred by her. There were further provisions covering the sale of property, policies of life insurance, and other matters evidencing great care and deliberation exercised in the drafting and execution of the agreement. The agreement contained these clauses:

" *Eleventh.* In the event that the party of the first part

shall fail to keep any of the promises or agreements herein contained, the party of the second part shall have the right at her option either to bring an action for damages for the breach of this contract or to bring an action against the party of the first part for a legal separation, or for support and maintenance, and nothing herein contained shall in such event in any way affect, abrogate, or militate against the right of the party of the second part under such circumstances to bring any action for separation or for the restoration of conjugal rights or for support and maintenance against the party of the first part.

" *Twelfth.* In the event that there should be any material change in the circumstances of either of the parties hereto either party hereto shall have the right to apply to any court of competent jurisdiction for a modification of the provisions herein regarding the amounts to be paid hereunder by the party of the first part to the party of the second part hereto."

The complaint alleges that since said separation agreement was executed and delivered there has been a material change in the circumstances of the plaintiff whereby his income and earning ability have been materially and substantially reduced and that there has been a material change in the circumstances of the defendant whereby the personal and private income of defendant has been materially increased.

That the amounts which, in accordance with the course and practice of this court in matrimonial actions, should be fixed to be paid monthly by plaintiff to defendant for her support and maintenance, and for the support and maintenance of each of said children while in her custody, from and after October 1, 1918, having in view the financial condition, resources and income of plaintiff and defendant are $150 for the support and maintenance of defendant and $75 for each of said children, making $300 in all.

That the provisions in said agreement fixing amounts to be paid by plaintiff to defendant should be modified by reducing the aggregate monthly amount provided for to $300, and that such provisions, as so modified, should remain in full force and effect and binding upon the parties to said agreement until again changed pursuant to paragraph 12 of said agreement.

That in July, 1918, plaintiff informed defendant of the reduction in his income, but continued to make the payments to defendant during July and August, 1918, provided for in paragraphs third and fourth of said agreement. That on or about September 18, 1918, plaintiff, not having paid for that month the amounts mentioned in said agreement tendered to defendant the sum of $300 for the support and maintenance of herself and said children. Defendant refused to receive the same, and thereafter, and during said month of September plaintiff paid to defendant the sum of $700; that on or about October 10, 1918, and again on or about October 23, 1918, plaintiff duly tendered to defendant the sum of $350 for the support and maintenance of herself and children. That defendant refused to receive said sum so tendered. That plaintiff has ever since said last two mentioned tenders remained ready and willing to pay to defendant said sum of $350 and heretofore plaintiff duly paid said sum of $350 into this court in another action hereinafter mentioned, to be paid to defendant. That at the time of each of the three above-mentioned tenders, defendant insisted and still insists that notwithstanding the change in the circumstances of plaintiff and defendant, plaintiff continues to be obligated to pay to defendant the entire sums mentioned in paragraphs 3 and 4 of said agreement; and defendant has threatened to bring suits for said entire sums, monthly, as they mature. That on or about October 30, 1918, defendant did commence an action in this court against plaintiff for the recovery of the aggregate of the sums mentioned in said agreement, to wit, $700, and, upon information and belief, defendant will, unless restrained, institute like actions against plaintiff each month notwithstanding plaintiff's willingness and readiness to pay monthly the sums which this court should fix, according to the course and practice of this court in matrimonial actions, having in view the financial condition, resources and income of plaintiff and defendant.

Wherefore plaintiff prays judgment that the amounts to be paid by plaintiff to defendant from and after October 1, 1918, for the period and the purposes and objects set forth in the separation agreement shall be $300.

If the court shall determine that it has not jurisdiction,

power or authority to prescribe in this action the amounts to be paid by plaintiff to defendant for the purposes aforesaid, that then the court shall adjudge that such separation agreement is no longer in force so far as it purports to fix amounts of money to be paid by plaintiff to defendant for the maintenance and support of herself and children, and that the defendant be enjoined against prosecuting her now pending action above mentioned, and against bringing or prosecuting any action against plaintiff for the recovery of any sum or sums of money claimed or to be claimed to be due from plaintiff to defendant under said agreement; and for such other relief as to the court may seem proper.

To this complaint the defendant demurred upon the ground that upon the face thereof it fails to state facts sufficient to constitute a cause of action.

I am of the opinion that this complaint does not state facts sufficient to constitute a cause of action. It is concededly not an action for the rescission of a contract because the plaintiff prays for no such relief and on the contrary stands upon the contract so far as it provides for a separation and all of the other matters embraced therein with the single exception of the amount which thereby he is required to pay for maintenance and support, nor is there any allegation upon which rescission could be based. If it be construed as an action to reform a contract it must fail because there are no allegations of fraud or mutual mistake; in fact the learned counsel for the respondent in his brief frankly says, " of course we do not contend that there is any element of fraud, misrepresentation, concealment or duress in the case at bar." It is suggested that this is an action for specific performance of the contract. What is the nature of that specific performance? The clause in the contract relied upon is " in the event that there should be any material change in the circumstances of either of the parties hereto either party hereto shall have the right to apply to any court of competent jurisdiction for a modification of the provisions herein regarding the amounts to be paid hereunder by the party of the first part to the party of the second part hereto."

The party of the first part, to wit, the husband, has, therefore, brought this action in the Supreme Court, a court of general jurisdiction, and the only specific performance which I can see

is that the court should be specifically required to " fix according to the course and practice of this court in matrimonial actions, having in view the financial condition, resources and income of plaintiff and defendant," the amount which should be paid by the plaintiff to the defendant for maintenance of herself and children. But this is an attempt to confer jurisdiction upon the court not vested in it by the law.

In *Benson* v. *Eastern Bldg. & Loan Assn.* (174 N. Y. 83), speaking of jurisdiction, the court said: " That jurisdiction is prescribed by the Constitution of the State and the statutes passed under it. It can neither be added to nor subtracted from by the agreement of the parties. It is true that ' Parties, by their stipulations, may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce ' (*Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447), but the jurisdiction of the court is beyond the agreement of the parties."

In *Meacham* v. *Jamestown, F. & C. R. R. Co.* (211 N. Y. 346), where a provision of a contract as to arbitration was under consideration, Judge CARDOZO said: " If jurisdiction is to be ousted by contract, we must submit to the failure of justice that may result from these and like causes. It is true that some judges have expressed the belief that parties ought to be free to contract about such matters as they please. In this State the law has long been settled to the contrary. [Citing cases.] The jurisdiction of our courts is established by law, and it is not to be diminished, *any more than it is to be increased,* by the convention of the parties."

Judge Cooley in his Constitutional Limitations (5th ed. p. 493) writes: " It is a maxim in the law that consent can never confer jurisdiction; by which is meant that the consent of parties cannot empower a court to act upon subjects which are not submitted to its determination and judgment by the law." In *Dudley* v. *Mayhew* (3 N. Y. 1) the court said: " It has been long and correctly settled that not even a direct assent by the parties can confer jurisdiction, or render the judgment of a tribunal in a matter over which it has not by law any cognizance, effectual." In *Oakley* v. *Aspinwall* (3 N. Y. 552) the court said: " But where no jurisdiction

exists by law it cannot be conferred by consent — especially against the prohibitions of a law which was not designed merely for the protection of the party to a suit, but for the general interests of justice." In *Davidsburgh* v. *Knickerbocker Life Ins. Co.* (90 N. Y. 526, 530) the court says: " There are, no doubt, many cases where the court having jurisdiction over the subject matter may proceed against a defendant who voluntarily submits to its decision, but where the State prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants, for in such a case the particular condition or status of the defendant is made a jurisdictional fact."

This is not a matrimonial action. I do not understand how a party can confer power upon the court in an action not matrimonial to act " according to the course and practice of this court in matrimonial actions." Title 1 of chapter 15 of the Code of Civil Procedure is entitled " Matrimonial Actions," and it provides in article 1 for an action to annul a void or voidable marriage; in article 2 for an action for divorce, and in article 3 for an action for a separation. It is obvious that the action at bar comes under none of these articles.

In *Ramsden* v. *Ramsden* (91 N. Y. 281) the complaint, after alleging the marriage of the parties and setting forth various acts of cruelty and ill-treatment on the part of the defendant toward the plaintiff, asked for judgment that the defendant be required to pay plaintiff a sum certain for her maintenance and support, and also asked for temporary allowance for alimony and counsel fees. The court said: " The difficulty of the plaintiff's case is that the action brought by her is not such action as the statute authorizes. It is not an action to procure a judgment of separation. No separation is asked for, and it is apparent that the omission in this respect was intentional. The plaintiff seeks maintenance and support, nothing more, and the learned counsel for the appellant says it was competent for her to ask relief in either form, and argues that ' if the court can grant maintenance apart from other relief, then the plaintiff may properly have that alone, and to pray for relief which is not really sought is not merely a formal absurdity, but it is misleading to the defendant.' The answer, however, is that the action is a statutory one, and if prosecuted,

must conform to the terms upon which it is permitted. The discretion which may withhold one kind of relief and grant the other is confided to the court, and its exercise in judicial proceedings cannot be limited by the plaintiff. The Legislature has prescribed the nature of the relief to be sought, and only when that is apparent from the complaint, can the court having jurisdiction grant less than the plaintiff asks for, but has no power to do that where the object sought is not that named in the statute."

This decision was made notwithstanding that section 1766 of the Code, in the article governing separation, provides: " And the court may, in such an action, render a judgment, compelling the defendant to make the provision specified in this section," that is, for the support of the wife and children, " where, under the circumstances of the case, such a judgment is proper, without rendering a judgment of separation."

In *Johnson* v. *Johnson* (206 N. Y. 561) the complaint alleged a separation agreement, and because of the undue influence exercised by the defendant in securing execution of said agreement, etc., and because of the unfair, unjust and inequitable terms of said deed or agreement the plaintiff claimed that the same was or is at her option void, and should be set aside and canceled. The prayer for relief, however, did not ask that said agreement as a whole be set aside, but only that it be set aside so far as it limits the plaintiff to the sum of $25 per week and asks that at least the sum of $3,000 a year be allowed to her for life, together with a sum to defray the counsel fees and expenses of this action, together with such other and further relief as may be right and just in the premises. The court said: " This examination of the complaint makes it clear that this action is not a matrimonial action, or as urged by respondent's counsel, ' in the nature of a matrimonial action,' so as to permit the allowance of counsel fees on that ground. The plaintiff clearly and designedly does not appeal to the court to grant her a separation from her husband, but stands on the agreement of separation voluntarily executed by the parties and under which they have already for several years lived. The most that can be claimed in behalf of the action for the purpose of bringing it within the class named is that the parties having

agreed on a separation and an allowance, the plaintiff desires to have the court now fix an allowance for support as it might have done if it had originally secured jurisdiction in an action decreeing separation. The court, however, has no power to entertain jurisdiction of an action for such limited purpose under the powers conferred upon it in matrimonial actions. It is settled that the only jurisdiction which it possesses in such actions is that conferred upon it by statute and some further minor powers necessarily incident to the exercise thereof. (*Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456.) ''

After considering *Ramsden* v. *Ramsden* (*supra*) the court said: '' If the court could not entertain jurisdiction for the purpose of giving support, alimony and counsel fees in an action like the one cited where facts were alleged entitling the plaintiff to a decree of separation but she not asking for it, it seems apparent that it cannot take jurisdiction of the present action as a matrimonial action for the purpose of awarding similar support and counsel fees where the parties have already agreed on a separation and the plaintiff does not ask for a decree awarding that feature of relief.'' Again: '' The question thus becomes whether where parties do enter into a separation agreement which provides as one of its features for an allowance to the wife, the court can annul this latter provision leaving the rest of the agreement intact, and then substitute its decision for the agreement of the parties as to the amount of allowance. It is very clear that this cannot be done. In the first place, the amount of allowance for support to be paid by the husband is so far an integral part of the agreement for separation that I doubt whether it could be set aside without annulling and canceling the entire agreement. But beyond this the court cannot reform an agreement entered into by parties by making a new agreement or provision for them in the place of the one which they have adopted. (*Hughes* v. *Cuming*, 165 N. Y. 91, 96, 97.)

'' It would seem that the present case has been confused with those in which the courts have so reformed a contract, whose execution has been attended by mistake or fraud, as to make it conform to the agreement actually made and intended by the parties. But those cases are no authority for the proposition that the court may cancel a contract made by

parties and in its place substitute one which it thinks proper, but which as a matter of fact the parties had never assented to."

While it is true that the precise question before the court in *Johnson* v. *Johnson* (*supra*) was the allowance of counsel fees, yet nevertheless I do not feel that we are at liberty to disregard the careful consideration given by the court of last resort to the character of the action and the jurisdiction of the court. I reach the conclusion, therefore, that the facts set forth in the complaint do not constitute a cause of action known to the law and that the court has no jurisdiction of the cause of action attempted to be set forth.

It follows, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars costs.

DOWLING and PAGE, JJ., concurred; SHEARN and SMITH, JJ., dissented.

PAGE, J.:

I would be content with merely concurring in the opinion of the presiding justice, but in view of certain propositions contained in the opinion of Mr. Justice SHEARN, not discussed by the presiding justice, it seems to me advisable to state my views more fully. When a husband and wife desire to separate and live apart there are two courses open to them. If the cause of their separation is one which is one of those stated in section 1762 of the Code of Civil Procedure, a resort may be had to the court, and a decree separating the parties may be granted, and if the decree is in favor of the wife it may as incidental relief provide suitably for the custody, care, education and maintenance of the children of the marriage and for the support of the wife, having regard to the circumstances of the respective parties, and may also provide that if there is a change in the circumstances of either party an application may be made at the foot of the decree for a modification thereof. Or the parties, whether cause therefor exists or not, may agree to separate under such conditions as the law permits (See *Galusha* v. *Galusha*, 116 N. Y. 642; *Clark* v. *Fosdick*, 118 id. 12–14), and make such provision as they deem advisable for maintenance and support. The parties to this action adopted the latter course, but have sought to secure to themselves the

advantage of an application to the court for a modification of the provisions of the agreement regarding the amount to be paid, in the event that there should be any material change in the circumstances of either party. The Supreme Court has, however, no jurisdiction to fix the sum that any husband shall pay to his wife for her support except as incidental to a decree of separation or divorce, and then only in the case the husband is guilty of the acts specified in the statute. Therefore, before the court would have power to fix such an amount, an action for divorce or separation would have to be brought and proof adduced that one of the causes recognized by the statute existed. Mere incompatability of temperament, a mere desire to be free from an irksome condition, will not authorize the court to intervene and act. And as the presiding justice has shown, jurisdiction of the court in this class of cases is conferred by statute and cannot be given by consent of the parties. Mr. Justice SHEARN concedes that this is a correct statement of the law, and says: "The only unusual provision is the one which, instead of providing that what is a reasonable amount, in such case, shall in the event of disagreement be determined by arbitrators, this agreement provides that it shall be determined by the court, which, as I shall point out, is just what the court would do if it had been left to arbitrators and arbitration failed." In support of this proposition he cites the familiar line of cases where leases have been made for a term of years and a renewal is to be granted at a rental to be fixed by arbitrators to be chosen, one by each party and the third by the agreement of the two, and one party fails to designate an arbitrator, the court will fix a reasonable rental. I was not aware that it was usual in agreements of separation to provide, in case of disagreement as to the amount to be paid, that it was to be determined by arbitrators. I have not been able to find that any such agreement has been the subject of judicial consideration. If it had I am not persuaded that in such an event the court would assume jurisdiction and fix the amount. Where it is sought to have the court fix the amount primarily and not as an incident to other relief, courts of equity have refused to act. As recently stated by the Court of Appeals: "There have been numerous cases in which the courts have decreed specific performance of

agreements in leases to renew at a rental value to be fixed by appraisers chosen by the parties or to convey the premises at its value to be fixed in like manner. But in such cases the provision for an appraisal has been regarded as incidental and subsidiary to the substantive part of the agreement; and so the party refusing to name an appraiser has not been heard to complain of . not having the appraisal made in the way agreed upon; but, treating the method as a matter of form rather than substance, the courts have by a reference or otherwise determined the value for the purpose of enforcing the contract according to its real spirit and purpose. [Citations.] In such cases the appraisal has been made as a mere incident to the main relief granted, *i. e.,* the enforcement of the agreement to sell or renew." (*Mutual Life Ins. Co.* v. *Stephens,* 214 N. Y. 488, 495.) The cases which bear upon this subject have been collated and ably discussed by Judge SANBORN in an opinion in the Circuit Court of Appeals of the Eighth Circuit (*Castle Creek Water Co.* v. *City of Aspen,* 146 Fed. Rep. 8), in the course of which he said: " The general rule that contracts for the sale and conveyance of real estate may be specifically enforced by a court of equity has become firmly established, upon the ground that actions at law for the breaches of these contracts do not place the parties in the same situation in which they were before the agreements were made, and for that reason do not afford adequate relief. Contracts to arbitrate disputed claims escape this rule, because the failure to enforce them leaves the parties in their original situations, with their original claims and rights of action. Separate agreements of sale of real estate, in which the prices have not been agreed upon or in which they are to be fixed by valuers to be chosen by the parties, do not fall within the rule for the same reason, so long as they have not been executed in whole or in any substantial part. In contracts of this class the price is an essential condition, which determines the nature and the value of the contract, and until it is fixed the parties may be left in *statu quo* by the mere refusal to enforce the agreement." (P. 11.)

This discussion is of course beside the question for this agreement does not provide for arbitration. The relief demanded is that the court shall fix the amount to be paid

by the plaintiff to the defendant at an amount different from that fixed by the agreement of the parties, as primary and not as incidental relief, or in the alternative that the court shall adjudge that the separation agreement is no longer in force so far as it purports to fix the amount to be paid by the plaintiff, and that the defendant be enjoined from prosecuting actions at law now pending or from hereafter bringing any actions against the plaintiff for the payment of any money claimed to be due under said agreement. The plaintiff is not entitled to either relief. The complaint does not state a cause of action and the demurrer thereto should have been sustained.

SHEARN, J. (dissenting):

This case presents a very interesting question. It arises upon a demurrer to the complaint. The complaint shows that the parties, husband and wife, having separated, entered into a separation agreement on December 1, 1916, which provided, among other things, for the payment by the husband to the wife of $500 a month for her support and of $200 a month for the maintenance of the children of the marriage. The agreement, in paragraph 12, provided: "In the event that there should be any material change in the circumstances of either of the parties hereto either party hereto shall have the right to apply to any court of competent jurisdiction for a modification of the provisions herein regarding the amounts to be paid hereunder by the party of the first part to the party of the second part hereto." The complaint alleges that the plaintiff performed all the covenants in the agreement on his part, but that since the agreement was executed there has been a material change in the circumstances of the plaintiff, whereby his income and earning ability have been materially and substantially reduced. Plaintiff is a lawyer whose income for the past ten years has been derived almost wholly from real estate conveyancing and real estate transactions and the practice of law in connection with such transactions. Shortly after the execution of the agreement the number and magnitude of real estate transactions in the city of New York, and in plaintiff's practice, became greatly reduced. For the year 1917, the year following the execution of the agreement,

plaintiff's income was reduced by more than one-third, and for the year 1918 down to the time of the commencement of the action in November, plaintiff's income was only one-half of that for the corresponding period of 1916, and for the first half of 1918 plaintiff's income was less than $1,000 in excess of the amounts required to be paid to the defendant. Furthermore, there has been a material change in the circumstances of the defendant whereby her personal and private income has been materially increased. Whereas during 1916 the defendant was in receipt of dividends and income amounting to $1,440.72, in 1917 defendant received from the same source $8,489.68. The complaint shows that if the amounts payable by plaintiff to defendant for her support and maintenance and for the support and maintenance of the children were fixed in accordance with the course and practice of this court, having in view the financial condition, resources and income of the parties, such sums would be $150 a month for the support of defendant and $75 for each of the children. The complaint alleges that plaintiff has informed the defendant of the change in the circumstances and has tendered the defendant the sum of $300 for the support and maintenance of herself and the children for the month of September, 1918, but that defendant has refused to accept the same, has also refused subsequent tenders, and instead thereof is bringing numerous suits against the plaintiff in the Municipal Court for the monthly sums alleged to be due under the contract as they mature, and threatens to continue to institute such actions notwithstanding plaintiff's willingness and readiness to pay the sums which this court should fix, according to the course and practice of this court in matrimonial actions, having in view the financial conditions, resources and income of plaintiff and defendant. Accordingly, judgment is asked fixing the monthly payments at $300, subject, however, to the aforesaid provisions of paragraph 12 of the agreement and for other and further relief.

The question presented is whether the court has jurisdiction of the subject-matter of the action. Jurisdiction of the subject-matter is defined in *Hughes* v. *Cuming* (165 N. Y. 91, 95) as " ' power to adjudge concerning the general question involved, and is not dependent upon the state of facts which

may appear in a particular case, arising, or which is claimed to have arisen, under that general question.  *  *  *  It is the power to act upon the general, and, so to speak, the abstract question, and to determine and adjudge whether the particular facts presented call for the exercise of the abstract power.' "

I agree entirely with the proposition of law, elaborated in the opinion of the presiding justice, that jurisdiction cannot be conferred by consent.   But the relevancy of this rule depends upon a correct construction of the contract with which we are dealing.   I find in the contract no attempt of the parties to *confer* jurisdiction upon the court.   It is a straightforward clearly expressed agreement for the payment and acceptance of a specified allowance, so long as there is no material change in the circumstances  of the parties, with a plainly implied agreement for the payment and acceptance, on material change in the circumstances of the parties, of a reasonable allowance in view of the resources and income of the parties.   The only unusual provision is the one which, instead of providing that what is a reasonable amount, in such case, shall in the event of disagreement be determined by arbitrators, this agreement provides that it shall be determined by the court, which, as I shall point out, is just what the court would do if it had been left to arbitrators and the arbitration failed.   Therefore, as I view the action, it is one brought upon a contract, to compel its specific performance by the defendant, namely, to compel the acceptance of a reasonable allowance under the changed circumstances, as. agreed, the amount of which the plaintiff offers and asks to have fixed in the manner stipulated in the contract.   If such is the true construction of the agreement and the nature of the action, it seems clear that the court *possesses* jurisdiction, even though it is conceivable that the court might decline to exercise it.

I also agree that if this action were of the same nature as in *Johnson* v. *Johnson* (206 N. Y. 561) or in *Ramsden* v. *Ramsden* (91 id. 281) the court would be without jurisdiction. But there is no similarity between this case and the *Johnson* case.   That was an action brought by the wife against her husband to set aside a separation agreement as unfair and inequitable and inadequate so far as it limited the plaintiff

to the sum of $25 a week fixed by the agreement, and praying
" that at least the sum of $3,000 a year be allowed to her
for life, together with a sum to defray the counsel fees and
expenses of this action." The allowance for counsel fees had
been made to enable the plaintiff to maintain the action,
and Judge HISCOCK said: " In determining whether it had
the right to do this it becomes important at the outset to
examine the complaint for the purpose of ascertaining what
nature of action this may be, for undoubtedly a wife is not
entitled to counsel fees *pendente lite* in every action which
she may desire to prosecute against her husband." Analyzing
the complaint, Judge HISCOCK concluded that the action was
not a matrimonial action, or in the nature of one, and that,
therefore, there was no right to grant a counsel fee. Judge
HISCOCK further said: " The most that can be claimed in
behalf of the action for the purpose of bringing it within the
class named is that the parties having agreed on a separation
and an allowance, the plaintiff desires to have the court now
fix an allowance for support as it might have done if it had
originally secured jurisdiction in an action decreeing separa-
tion. The court, however, has no power to entertain juris-
diction of an action for such limited purpose under the powers
conferred upon it in matrimonial actions. It is settled that
the only jurisdiction which it possesses in such actions is that
conferred upon it by statute and some further minor powers
necessarily incident to the exercise thereof." (P. 565.) The
quotation just made does not apply to the situation in the
instant case, for in the *Johnson* case the plaintiff, standing on
an agreement of separation, in other words, being separated
from her husband by agreement and not by the judgment
of any court, was asking the court to fix an allowance *without
regard to any agreement* and as the court might have done if
it had originally secured jurisdiction in an action for separation.
Here, however, the plaintiff is seeking to compel the specific
performance of an agreement and to have the same enforced
according to its terms.

In *Ramsden* v. *Ramsden* (*supra*) it was merely held that a
wife cannot maintain an action against her husband for main-
tenance and support or for alimony alone; that alimony and

maintenance can be given only where the suit is for a divorce or for separation; that where, therefore, the complaint merely alleges cruelty, abandonment and adultery, without praying for a decree of separation, the court has no power to allow alimony *pendente lite* or counsel fee.

It is apparent that if *Johnson* v. *Johnson* (*supra*) was not a matrimonial action, this action is not, and the presiding justice has reached the conclusion, as stated in his opinion, that this is not a matrimonial action. An action is not a matrimonial one or in the nature of a matrimonial action merely because it deals with the provisions of a separation agreement. This is well illustrated by the case of *Greenleaf* v. *Blakeman* (40 App. Div. 371; affd., *sub nom. Greenleaf* v. *Schley*, 166 N. Y. 627) where the court granted specific performance of one of the terms of a separation agreement, whereby the husband agreed that the payment of the allowance should be " secured either by bond of sufficient surety, individual or corporate, or by collateral security of suitable character and in market value not less than seventy thousand dollars." The court held that it could not be contended that the covenant that payment should be secured by a bond of *sufficient* surety or collateral security of *suitable* character was too uncertain and indefinite to justify a decree for specific performance, on the ground that there was no provision as to who should determine the sufficiency of the surety or the character of the security, but that this could be determined by the court. The court said: " The amount of the bond or the sufficiency of the surety could be ascertained by the proof of extrinsic facts which a court specifically enforcing the agreement would require, and those facts being proved, the sufficiency of the surety could be easily and accurately ascertained." (P. 379.)

This action then, not being a matrimonial one, or in the nature of a matrimonial action, but the general question being the construction of the contract and whether it is capable of specific performance as therein stipulated, let us turn for a moment to the agreement. A contract comprehends not only what the parties expressly write but also that which is to be implied from what they have reduced to writing. The courts are bound to give the same force and effect to the implied agreement of the parties, where such implications

are determinable, as to the parts which are expressed, and when once it is determined what the implied provisions are, they are to be read into the contract and the rights of the parties are to be adjudged as though such provisions were contained in the instrument itself. (*Grossman* v. *Schenker,* 206 N. Y. 466.)

This agreement, thus construed, provides that on material change of conditions, such as shown to exist, the specified allowance shall no longer be paid by the plaintiff, but that henceforth the plaintiff shall pay and the defendant accept such reasonable allowance as the court shall prescribe, according to its course and practice in matrimonial actions, having in view the station in life and the resources and income of the respective parties. The most serious objection to the court's jurisdiction to compel specific performance of such an agreement is that the new sum to be paid and accepted is not definitely fixed by the agreement itself, but that, instead, the agreement merely provides the manner in which the new sum shall be fixed and contains the unusual provision that it shall be fixed by the court.

An examination of the cases shows that in principle there is nothing even unusual in such an agreement and, in my opinion, nothing beyond the court's jurisdiction. In an action not matrimonial in its nature (and we have seen this is not a matrimonial action) an agreement to sell property at a reasonable valuation to be fixed by the court, or to perform services at a reasonable price to be fixed by the court, is undoubtedly enforcible, however it strikes one at first blush. It has been held over and over again that where there is an agreement to renew a lease at a price to be fixed by arbitrators, on the failure of the arbitrators to agree, the court will fix the price. ( *Kelso* v. *Kelly,* 1 Daly, 419; *Weir* v. *Barker,* 104 App. Div. 112; *Van Beuren* v. *Wotherspoon,* 12 id. 421.) It was held in *Joy* v. *St. Louis* (138 U. S. 1, 8, 9, 43), where two railroads had made a contract whereby one was to be allowed to use a portion of the right of way of the other and they prescribed that the compensation should be " such fair and equitable compensation * * * as may be agreed upon," that where they failed to agree the court would fix the compensation.

In all these cases the court is not making a contract for the parties, but is merely enforcing the agreement of the parties. And although in each case there was involved the necessity of the court's determining an unnamed fair and reasonable price or valuation, the court did not hesitate to do so, because the sum could be ascertained by proof of extrinsic facts and according to well-settled rules and principles, just as this court did not hesitate in the *Greenleaf Case (supra)* to determine the amount of the bond or the sufficiency of the surety, when what was a proper bond or a sufficient surety could be ascertained by the proof of extrinsic facts, easily and correctly.

There is no difference in principle between an agreement to take a resonable payment to be fixed by arbitrators and one to take a reasonable payment to be fixed by the court. In the former case the parties are really contracting that in a certain event it shall be fixed by the court, for they know that, as the cases above cited show, if the arbitrators fail to fix the price, the court will. Therefore, if parties can agree, and if the courts will enforce the agreement, that a fair price, valuation or compensation shall be fixed by arbitrators, and, if they do not agree, by the court, there is certainly no reason why they cannot agree, and why the court should not enforce the agreement, that the fair price, valuation or compensation shall be fixed by the court. That is, in effect, what parties do when one renders services for another, or sells goods to another, without stipulation as to price, for the law says that they impliedly agree that the one shall pay and the other accept a fair price, to be fixed by the court in the event that they do not agree.

If this agreement had provided that on changed circumstances the plaintiff should pay and the defendant accept an allowance to be fixed by arbitrators, the agreement would clearly be enforcible. And if the arbitrators failed to agree, the court would fix the amount, which is readily done by applying known standards and well-settled rules governing what is fair and reasonable in such cases. A stipulation such as this, to pay and accept an allowance to be fixed by the court, is one to pay and accept a fair and reasonable allowance, which is definitely determinable according to

known rules and standards. As said in the old English case of *Milnes* v. *Gery* (14 Ves. Jr. 407), dealing with an agreement to sell at a fair valuation: " In that case no particular means of ascertaining the value are pointed out; there is nothing, therefore, precluding the court from adopting any means adapted to that purpose." So, here, there is nothing to preclude the court from adopting the means applied every day in the courts for determining what is a reasonable sum to be paid by a husband for the support of his wife, taking into consideration the station in life of the parties, their resources and income.

The presiding justice asks what is the nature of the specific performance sought in this case, answers the question by quoting paragraph 12 of the agreement, and concludes that the specific performance sought is that the court shall act. But this ignores the implied agreement that, on material change in the circumstances of the parties, the defendant will *accept* a reasonable allowance, having in view the resources and income of the respective parties and the standard ordinarily applied in matrimonial actions, such reasonable allowance to be fixed by the court. Thus the object of the action is to compel the defendant to accept a reasonable allowance, as agreed, and the fixing thereof by the court is incidental thereto, but in accordance with the agreement.

If a separation agreement provided that the husband should pay and the wife accept a reasonable sum, having in view the resources and income of the parties and the standard ordinarily applied in matrimonial actions, it cannot be doubted that in an action on the contract the wife could recover, for the sum could be ascertained by the proof of extrinsic facts and according to well-settled rules, just as the proper bond and sufficient surety was determined in *Green-leaf* v. *Blakeman* (*supra*). The reason why specific performance is necessary in this case is that the plaintiff has no adequate remedy at law, for the defendant in effect claims that the payment tendered is not a reasonable amount, refuses to have the amount fixed as provided in the contract, and is bringing numerous suits in the Municipal Court to recover the monthly installments, which the plaintiff only agreed to pay so long as the circumstances of the parties remained substantially

unchanged. It may be that the plaintiff would have a possible defense to the actions brought to recover the installments, based upon construing the agreement as one to pay the stipulated sums only so long as the circumstances of the parties remained substantially the same. On the other hand, the agreement might be construed as obligating the plaintiff to pay the stipulated sums until a different rate was fixed in the manner provided by the agreement. In the latter case, the plaintiff would be subjected to a multiplicity of suits and be remediless unless equity took hold, construed the contract and made a decree for specific performance. Being without adequate remedy at law, this threat of a multiplicity of suits is an additional ground of equitable jurisdiction, and, if a court of equity once takes hold, it will grant full relief. Furthermore, any objection to the jurisdiction of equity on the ground that there is an adequate remedy at law is waived (as it can be) by the agreement itself, which impliedly consents to an application to the court for this very purpose.

I am not unmindful of the fact that if the plaintiff's right to relief be sustained, it may involve other and subsequent resort to the court, in the event of further changes in the circumstances of the parties, whether for the better or for the worse. But this is merely an argument based on inconvenience, which, while it might lead the court to decline jurisdiction, does not touch the question of law, which is whether or not the court *possesses* jurisdiction over the subject-matter of the action.

In my judgment, the complaint states a cause of action, and the order should be affirmed, with ten dollars costs and disbursements, with leave to the defendant to withdraw the demurrer and to answer within twenty days on payment of costs in this court and at the Special Term.

SMITH, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion to sustain demurrer granted, with ten dollars costs.