JOHN M. STODDARD, Respondent, *v.* MAUDE R. STODDARD, Appellant.

First Department, April 17, 1919.

**Husband and wife — action for reduction of payments to be made under separation agreement — right of plaintiff to restrain defendant *pendente lite* from prosecuting actions on said agreement.**

Assuming that a complaint in an action by a husband against his wife to have payments to the defendant under a prior separation agreement for maintenance and support reduced states a cause of action, the defendant should not be stayed from prosecuting actions on said separation agreement until the plaintiff has actually established a right to relief, and hence an amendment of the complaint, inserting a prayer for an injunction, is unnecessary.

APPEAL by the defendant, Maude R. Stoddard, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of January, 1919, granting plaintiff's motion for an injunction *pendente lite*, and for leave to amend the amended complaint.

*William S. Bennet* [*A. M. Wattenberg* with him on the brief], for the appellant.

*Frederick E. Anderson* of counsel [*Stoddard & Mark*, attorneys], for the respondent.

SHEARN, J.:

The order appealed from granted plaintiff's motion to amend the complaint by inserting a prayer for an injunction and, on the complaint as amended and the demurrer thereto, enjoined the defendant, *pendente lite*, from prosecuting an action and from bringing further actions in the Municipal Court to recover monthly installments under a separation agreement. The nature of the action and the sufficiency of the complaint are considered in a decision handed down herewith. (187 App. Div. 258.)

Irrespective of the decision of the court in the companion case, we are of the opinion that, assuming that the complaint

states a cause of action, the defendant should not be stayed from prosecuting actions on the separation agreement until the plaintiff has actually established a right to relief in that action upon the trial thereof. The amendment was, therefore, unnecessary.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.