MAUDE R. STODDARD, Respondent, *v.* JOHN M. STODDARD, Appellant.

First Department, March 5, 1920.

**Husband and wife — separation agreement — action to recover payments — defense that husband's income had decreased and wife's income increased since execution of agreement.**

It is no defense to an action on a separation agreement brought in the Municipal Court of the City of New York, a court of inferior and limited jurisdiction, to recover the amount stipulated to be paid by the husband, that since the execution of the agreement the husband's income has been greatly reduced and the income of the wife has increased, though the parties stipulated in the separation agreement that " in the event that there

should be any material change in the circumstances of either of the parties hereto either party hereto shall have the right to apply to any court of competent jurisdiction for a modification of the provisions herein regarding the amounts to be paid hereunder by the party of the first part to the party of the second part hereto."

The change in the financial condition of the parties to the agreement did not abrogate the stipulation as to the amount to be paid to the wife and the court had no power to decree a lower sum to be paid monthly than that which the husband agreed to.

SMITH, J., dissents.

APPEAL by the defendant, John M. Stoddard, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk thereof and of the county of New York on the 10th day of April, 1919, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Third District, in plaintiff's favor.

*H. Snowden Marshall* of counsel [*Frederick E. Anderson* with him on the brief; *Stoddard & Mark*, attorneys], for the appellant

*A. M. Wattenberg* of counsel [*William S. Bennet*, attorney], for the respondent.

CLARKE, P. J.:

This action was brought in the Municipal Court, a court of inferior and limited jurisdiction, to recover $700 — $500 for the support of the wife and $200 for the maintenance of two children, due between the 1st and 10th days of November, 1918, under the separation agreement which was before this court in *Stoddard* v. *Stoddard* (187 App. Div. 258; affd., 227 N. Y. 13).

The answer denies that the amount specified should be paid by defendant to plaintiff during the joint lives of plaintiff and defendant so long as said agreement should continue, and alleges upon information and belief that it was provided in and by said agreement that said payments should continue only until there should be either such a material change in the circumstances of the defendant as would materially reduce his income or earning ability, or such a material change in the circumstances of the plaintiff as would materially increase

her income; that previous to November 1, 1918, there occurred such a change in the circumstances of defendant that his income and earning ability were thereby greatly reduced, and also that previous to November 1, 1918, there occurred such a change in the circumstances of the plaintiff as greatly increased her income, and for a first defense after setting forth facts tending to show such change in circumstances it alleged:

5. That the amounts which in accordance with the course and practice of the Supreme Court of the State of New York, in matrimonial actions, should be fixed to be paid monthly by defendant to plaintiff for her support and maintenance from and after October 1, 1918, should be $150 and for the support and maintenance of each of said children, while in her custody, should be $75 for each child, having in view the financial condition, resources and income of defendant and plaintiff.

6. That before this action, on or about November 9, 1918, defendant duly tendered to plaintiff the sum of $300 for the support of herself and two children mentioned in the complaint, and in payment of all the claims of plaintiff alleged in the complaint, but plaintiff refused to receive the same; that said amount with accrued interest and the costs of this action is hereby tendered into court.

For a second and complete defense it alleges:

That by reason of the premises, the agreements by defendant to pay plaintiff the sums of money alleged in paragraphs III and IX of the complaint have been abrogated and were not in force at or since November 1, 1918, wherefore the defendant demanded judgment that the complaint be dismissed.

Upon the trial evidence was offered tending to show a material change in the financial circumstances both of the plaintiff and the defendant. The trial court held that the defense interposed was not available to the defendant in that court and gave judgment to the plaintiff for the sum sued for. The separation agreement provides in great detail for cessation of all mutual relations; for the custody of the children by the wife until they attain the age of fourteen years, and thereafter, if no objection thereto be made by the husband, and for the payment to the wife of $700 a month, $500 being

for her support, maintenance, use and benefit and $100 for the support and maintenance of each of the children. She covenanted so long as the payments were made to keep her husband free and harmless from any and all debts and liabilities incurred by her. There were further provisions covering the sale of property, policies of life insurance and other matters evidencing great care and deliberation exercised in the drafting and execution of the agreement. The agreement contained these clauses:

" *Eleventh.* In the event that the party of the first part shall fail to keep any of the promises or agreements herein contained, the party of the second part shall have the right at her option either to bring an action for damages for the breach of this contract or to bring an action against the party of the first part for a legal separation, or for support and maintenance, and nothing herein contained shall in such event in any way affect, abrogate, or militate against the right of the party of the second part under such circumstances to bring any action for separation or for the restoration of conjugal rights or for support and maintenance against the party of the first part.

" *Twelfth.* In the event that there should be any material change in the circumstances of either of the parties hereto either party hereto shall have the right to apply to any court of competent jurisdiction for a modification of the provisions herein regarding the amounts to be paid hereunder by the party of the first part to the party of the second part hereto."

In the prior case alluded to *supra*, in this court, the complaint alleged the change in the financial condition of the parties, referred to the action at bar then pending, prayed judgment that the amounts to be paid by plaintiff, who is the defendant in this action, to defendant from and after October 1, 1918, for the period and the purposes and objects set forth in the separation agreement should be $300; that if the court should determine that it has not jurisdiction, power or authority to prescribe in this action the amounts to be paid by plaintiff to defendant for the purposes aforesaid, that then the court shall adjudge that such separation agreement is no longer in force so far as it purports to fix amounts of money to be paid by plaintiff to defendant for the maintenance and

First Department, March, 1920. [Vol. 191.

support of herself and children, and that the defendant be enjoined against prosecuting her now pending action above mentioned, and against bringing or prosecuting any action against plaintiff for the recovery of any sum or sums of money claimed or to be claimed to be due from plaintiff to defendant under said agreement, and for such other relief as to the court may seem proper.

To that complaint defendant demurred upon the ground that upon the face thereof it failed to state facts sufficient to constitute a cause of action. The demurrer was sustained by this court and by the Court of Appeals.

The said decisions were made after the judgment at bar in the Municipal Court was rendered. In its opinion the Court of Appeals in the equitable case alluded to said: " Obviously and independent of any other consideration the equitable powers of the court cannot be invoked for the purpose of restraining enforcement by defendant of this contract unless there be some facts justifying such relief of which a court of equity could and a court of law could not take cognizance, and on the present presentation of the case we perceive no such fact. If it be true as urged by plaintiff that the fair meaning of his contract with defendant is that he should pay the amounts thereunder provided so long as the situation of the parties continued without substantial change and that he should not be compelled to pay such amounts if his ability so to do became substantially impaired or the income of defendant became substantially larger, we see no reason why such meaning of the contract may not as well be urged as a defense to an action to collect under it as for the basis of an action to prevent collection under it." The appellant urges that under said expression of opinion by the Court of Appeals and having shown the changed circumstances of both himself and the plaintiff it was error for the Municipal Court to have given judgment for the amount agreed upon in the separation agreement, but it should have reduced the amount to the sum claimed and tendered by him. It should be pointed out that the appellant does not claim that the entire contract was abrogated. He proposes to hold on to all of the provisions thereof beneficial to himself and to hold the respondent to her surrender of marital rights made

by the agreement such as cohabitation, dower and his credit. The consideration for her consent to these surrenders was the agreement to pay the fixed sums provided for at stated intervals.

Having entered into an elaborate and detailed contract and having attempted unsuccessfully in a court of equity, not to have that contract rescinded or set aside for fraud or mistake, but to have the payments agreed to by him reduced to such sum as the court should deem proper under a provision which attempted to confer jurisdiction upon a court of equity so to do, and said court having decided that it had no such jurisdiction and that it could not be conferred by consent, he now claims that an inferior court of limited jurisdiction in a common-law action upon the contract has the power to make a contract for the parties which they did not make for themselves. I do not think that the Municipal Court had any such power. Appellant does not claim that the contract was not duly made or that it was induced by fraud or mistake. He does not claim that by subsequent events provided for in the contract it has become null and void or been abrogated. He holds to all the advantages accruing to him from the contract and simply claims that the court should decree a lower sum to be paid monthly by him than that to which he agreed. I know of no principle under which his contention can be sustained. It is either a good contract and all its provisions are binding or none of its provisions are so binding.

In my opinion the facts set up do not constitute a defense and the determination of the Appellate Term affirming the judgment of the Municipal Court was right and should be affirmed, with costs.

In deference, however, to the suggestion of the Court of Appeals in the opinion alluded to and to the claims thereunder urged upon us, an appeal to said court will be allowed.

LAUGHLIN, PAGE and MERRELL, JJ., concur; SMITH, J., dissents.

Determination affirmed, with costs, with leave to defendant to appeal to the Court of Appeals.