James H. Boomer, J.
Respondent brings this application for counsel fees incurred in an arbitration proceeding initiated by a former husband to reduce the amount of support payments for the respondent and the children of the marriage. The parties obtained a decree of divorce in the Republic of Mexico based upon a separation agreement which was incorporated in the decree, but which specifically survived the decree. The separation agreement fixed the amount of support for the wife and children but provided that, should the husband’s net income fall substantially below a certain level, resort could be had to arbitration “to reduce the payment to equitable levels.”
The respondent claims that the court has authority to award her conns ql fees under subdivision (b) of section 237 of the Domestic Relation's Law. The court has such authority under that subdivision upon an “ application to * * * modify *733 * * * a judgment for alimony or * * * maintenance of a child ’ ’. The only application made in this court was not for the modification of a judgment but to appoint an arbitrator under the terms of the separation agreement. Neither this court nor the court in Mexico has modified the judgment of divorce. While the parties can, by the terms of a separation agreement, submit to arbitration the modification of the support payments provided by the agreement, the parties cannot empower arbitrators to amend a court judgment. The parties, by agreement, fashioned their own remedy for modification of the terms of support and by that agreement they could have provided for the payment of counsel fees to the wife. The agreement makes no such provision. And since neither subdivision (b) of section 237 nor any other statute provides for counsel fees in this instance and since the court lacks the inherent power to make such an allowance (Johnson v. Johnson, 206 N. Y. 561, 566), the application of the respondent must be denied.