■ HARRIET BRASS, Appellant, v. SANFORD P. BRASS, Respondent.— Order, Supreme Court, New York County, entered December 31, 1971, which denied plaintiff's motion for partial summary judgment on her first cause of action, unanimously reversed, on the law, and partial summary judgment granted on the first cause of action, and further dismissing separate defenses in the answer with respect to said first cause of action. Appellant shall recover of respondent $50 costs and disbursements of this appeal. The parties entered into a separation agreement, and thereafter the wife obtained a Mexican decree, by the terms

of which the agreement was incorporated and survived the judgment without merging therein. Under the agreement, defendant was to pay alimony of $15,000 per year in monthly installments of $1,250. After several years, he stopped the payments, and at the time of this action the arrears were $12,500, for which the first cause seeks recovery. The defendant pleaded an estoppel and a counterclaim for the fraud of the wife, in that he agreed to pay a substantial amount of alimony so that after the divorce she would "be an attractive mate, in all sense of the word, for a male partner and thus be in a status and condition where she would in all probability remarry, thereby relieving defendant from the obligation of paying further alimony and from certain other obligations, therein expressed, which would terminate on her remarriage." The fraud alleged is that the wife concealed from the husband a retainer agreement with her attorney, which gave him a substantial fee, and that he intended to benefit the wife but not her attorney and would not have entered into the separation agreement for such generous payments if he had known of the retainer, and, therefore, the wife is estopped from the collection of the alimony thereon. It is also contended that the wife represented that she had paid out some $12,000 for necessities for which he reimbursed her, for which she was to give him vouchers, which were not forthcoming. The husband, having remarried, does not seek to set aside the decree of divorce, nor to rescind the separation agreement, and he merely defends against the support portion of the separation agreement on the ground of the alleged frauds indicated. As was said in *Johnson* v. *Johnson* (206 N. Y. 561, 568): "In the first place, the amount of allowance for support to be paid by the husband is so far an integral part of the agreement for separation that I doubt whether it could be set aside without annulling and canceling the entire agreement. But beyond this the court cannot reform an agreement entered into by parties by making a new agreement or provision for them in the place of the one which they have adopted." Concur — McGivern, J. P., Kupferman, Murphy, McNally and Tilzer, JJ.