CHARLOTTE RAMSDEN, Appellant, *v.* EDWARD C. RAMSDEN, Respondent.

An action by a wife against her husband for maintenance and support simply is not maintainable under the Code of Civil Procedure ; the provision of said Code (§ 1766) authorizing a judgment, making provision for maintenance and support without a judgment of separation, applies only where the action is for a separation.

It is only when an action is brought by the wife for divorce or separation, as prescribed by said Code, that an allowance for alimony is proper.

Where, therefore, the complaint in an action by a wife against her husband alleged facts sufficient to sustain an action for separation. but simply asked for support and maintenance, *held,* that the court had no jurisdiction to make an order granting alimony *pendente lite* or counsel fees.

*Davis* v. *Davis* (75 N.Y. 221), *Turrel* v. *Turrel* (2 Johns. Ch. 391), distinguished.

(Argued January 16, 1883 ; decided February 6, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made November 24, 1882, which reversed an order of Special Term which required defendant to pay plaintiff $20 per week alimony *pendente lite* and $250 counsel fees. (Reported below, 28 Hun, 285.)

The complaint in this action, after alleging the marriage of the parties, and setting forth various acts of cruelty and ill-treatment on the part of defendant toward the plaintiff, asked judgment that defendant be required to pay plaintiff a sum certain for her maintenance and support, and also asked temporary allowance for alimony and counsel fees.

*J. Tredwell Richards* for appellant.   A decree for mainte-
nance alone may be made under the statute in all cases where
any of the causes specified in section 1762 of the Code are
shown to exist.   The same causes are equally ground for judg-
ment of separation, or for a judgment of maintenance.   (Code
of Civ. Pro., §§ 1762, 1766; *Turrel* v. *Turrel*, 2 Johns. Ch.
391; *Davis* v. *Davis*, 75 N. Y. 221, 225.)   Alimony *pendente
lite* may be granted in an action brought as prescribed in arti-
cles 2 and 3 of title 1 of chapter 15 of the Code.   (Code,
§ 1769.)

*John V. B. Lewis* for respondent.   An action for mainte-
nance alone cannot be maintained, and an order for alimony
therein is unauthorized.   Alimony *pendente lite* can only be or-
dered in a divorce suit.     (2 Bishop on Marr. and Div., §§ 351,
354–359; *Ball* v. *Montgomery*, 2 Ves. Jr. 191, 195; *Atwater*
v. *Atwater*, 36 How. 431; *Douglas* v. *Douglas*, 5 Hun, 144.)

DANFORTH, J.   The Code of Civil Procedure (Chap. 15)
contains certain special provisions regulating matrimonial ac-
tions, and among others actions for a divorce or separation, but
it contains no provision which will sustain the case made by
the plaintiff.   By article 3, chapter 15 (*supra*), section 1762, it
is declared that an action may be maintained by a husband or
wife against the other party to the marriage to procure a judg-
ment separating the parties from bed and board forever, or for
a limited time for either of certain specified causes, all of which
appear to exist in this case, and section 1766 provides where
the action is brought by a wife, the court may in the final judg-
ment of separation give such directions as the nature and cir-
cumstances of the case require; in particular it may compel the
defendant to provide suitably for the education and mainte-
nance of the children of the marriage, and for the support of
the plaintiff, as justice requires, having regard to the circum-
stances of the respective parties; and it then provides that the
court may in such an action render a judgment compelling the
defendant to make the provision specified in this case, where,

under the circumstances of the case, such a judgment is proper without rendering a judgment of separation.

The difficulty of the plaintiff's case is that the action brought by her is not such action as the statute authorizes. It is not an action to procure a judgment of separation. No separation is asked for, and it is apparent that the omission in this respect was intentional. The plaintiff seeks maintenance and support, nothing more, and the learned counsel for the appellant says it was competent for her to ask relief in either form, and argues that, "if the court can grant maintenance apart from other relief, then the plaintiff may properly have that alone, and to pray for relief which is not really sought is not merely a formal absurdity, but it is misleading to the defendant."

The answer, however, is that the action is a statutory one, and if prosecuted, must conform to the terms upon which it is permitted. The discretion which may withhold one kind of relief and grant the other is confided to the court, and its exercise in judicial proceedings cannot be limited by the plaintiff. The legislature has prescribed the nature of the relief to be sought, and only when that is apparent from the complaint, can the court having jurisdiction grant less than the plaintiff asks for, but has no power to do that where the object sought is not that named in the statute. The cases referred to by the appellant are not to the contrary. In *Davis* v. *Davis* (75 N. Y. 221) a remark is made which, taken by itself, implies that a plaintiff may waive a decree for separation, although entitled to it, and the appellant supposes she may so elect, at the beginning, as well as at the close of the case. But neither the text, nor the decision rendered, warrants that construction. A decree for maintenance was before the court, and was reversed upon the ground that as a cause for separation was not established, the court had no power to make provision for the wife's support, and the suggestion now relied upon was made as a possible effect of the statute then under consideration. But the question was not before the court, and the possible volition of the wife was mentioned as one of the circumstances upon which the court might, in a different case, exercise its discretion.

In *Turrel* v. *Turrel & Jones* (2 Johns. Ch. 391) the case presented was under the act (Sess. 36, chap. 102), authorizing the filing of a bill by a wife, specifying therein particularly the circumstances on which she relies, and praying such relief as she may think herself entitled to. It is plain that the only object of the bill was to have certain money, given to the wife by her father, and which was then in the hands of the defendant, Jones, as his executor, secured, as a separate provision for the wife, and it appeared that the husband had threatened that when he obtained possession of such money, he would not appropriate any part of it toward her maintenance. But the statute before us, as we have seen, declares the object of the action which the wife may bring, and the court has no jurisdiction to depart from it.

In *Atwater* v. *Atwater* (36 How. Pr. 431; 53 Barb. 621) the General Term held that the statute did not authorize a complaint to be filed by a wife for her support and maintenance by her husband, as a distinct substantive relief. This was, we think, the true construction of the statute then in question, and the one now before us must be dealt with in the same manner. Without considering, therefore, whether the residence of the plaintiff has been sufficient to give the court jurisdiction, we think the order appealed from was proper, and should be affirmed, but without costs.

All concur.

Order affirmed.