## BIERSTADT v. BIERSTADT.

(Supreme Court, Appellate Division, Fourth Department. May 7, 1898.)

DIVORCE A MENSA ET THORO—RESIDENCE.
Under 2 Rev. St. p. 146, § 50, subd. 1, an action for separation from bed and board may be maintained by a married woman, when both husband and wife are bona fide inhabitants of New York; and it is immaterial that the marriage took place in another state, and the wife had not resided in New York a year, as provided by subdivision 3, since that subdivision refers only to actions against a nonresident defendant.

Appeal from special term, Erie county.

Action by Lucy E. Bierstadt against Charles Bierstadt for divorce. From an order of the Erie special term directing the payment of alimony and counsel fees, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

S. J. Lawrence, for appellant.
Frank C. Ferguson, for respondent.

GREEN, J. This action was brought by the plaintiff against her husband for a separation from bed and board. The marriage was contracted in the state of Connecticut, but both parties were actual, bona fide residents of this state at the time the action was commenced. The defendant had resided within this state for a number of years, and the plaintiff had resided here for a period less than one year, at the time of the commencement of the action. An order for alimony pendente lite having been granted by the special term, the defendant appeals to this court, and demands a reversal of the order, upon the ground that the court has no jurisdiction of

the action. Appellant bases his contention upon subdivision 3 of section 1763 of the Code of Civil Procedure, and makes the assertion that, although the parties were residents of the state when the action was commenced (subdivision 1), still, in order to confer jurisdiction upon the court, both parties must have become and continued to be residents for the period of one year previous to the commencement of the action. In support of this contention, reliance is placed upon the opinion delivered in the case of Ramsden v. Ramsden, 28 Hun, 285, which, it must be conceded, supports the position taken by the appellant. In that case the decision reversing the order granting the plaintiff alimony was placed upon two grounds: First, that no cause of action was set forth in the complaint; secondly, that the court had no jurisdiction, because the marriage was contracted in a foreign state, and both parties had not resided here for one year, although both were residents when the action was instituted. Upon appeal the order of the general term was affirmed, in 91 N. Y. 281, upon the first ground stated, "without considering, therefore, whether the residence of the plaintiff has been sufficient to give the court jurisdiction." The counsel for the respondent earnestly contends that the decision of the general term, in giving such an interpretation to the provisions of section 1763, is erroneous, and therefore it becomes necessary to examine the grounds upon which that decision is based.

Section 1763 of the Code of Civil Procedure is as follows:

"Such an action may be maintained in either of the following cases: (1) Where both parties are residents of the state, when the action is commenced. (2) Where the parties were married within the state, and the plaintiff is a resident thereof when the action is commenced. (3) When the parties having been married without the state, have become residents of the state, and have continued to be residents thereof at least one year; and the plaintiff is such a resident, when the action is commenced."

This action is founded upon the provisions of the Revised Statutes, which, in so far as the question presented is concerned, are substantially the same. The Revised Statutes provide that:

"A separation from bed and board forever, or for a limited time, may be decreed by the supreme court, on the complaint of a married woman in the following cases: (1) Between any husband and wife inhabitants of this state. (2) Where the marriage shall have been solemnized, or shall have taken place, within this state, and the wife shall be an actual resident at the time of exhibiting her complaint. (3) Where the marriage shall have taken place out of this state, and the parties have become and remained inhabitants of this state at least one year, and the wife shall be an actual resident at the time of exhibiting her complaint." 2 Rev. St. p. 146, § 50.

And by section 57 it was declared that, if a married woman at the time of exhibiting a bill against her husband shall reside in this state, she shall be deemed an inhabitant thereof, although her husband may reside elsewhere.

The first and second subdivisions of section 50 were taken from the Revised Laws of 1813 (volume 2, p. 200), but the third subdivision was incorporated as a new provision, because, as the revisers state, it was "necessary to supply an omission." Revisers' Notes, 3 Rev. St. (2d Ed.) p. 662. It is therefore evident that prior

to the enactment of the Revised Statutes there could have been no doubt whatever that the residence or inhabitancy of both parties at the time of the institution of the suit was sufficient to confer jurisdiction upon the court, without regard to the duration of such residence, or the place where the marriage was contracted. Clearly, it was not the intention of the revisers to take away or subtract from the jurisdiction conferred by the act of 1813, but, on the contrary, it was their evident purpose to supply an omission in the existing law, and to confer jurisdiction in cases not theretofore provided for. What was the omission that it was deemed necessary to supply? Having provided for jurisdiction in cases where both parties are inhabitants, it was deemed expedient to make provision for cases in which both parties are not inhabitants; and so it was declared, by the second clause, that the residence of the plaintiff alone should suffice, provided the marriage was solemnized within the state. This, as we have stated, was but a re-enactment of the prior statute. But, as there was no provision for a case where the marriage took place out of the state, and both parties were not residents at the time of the commencement of the suit, it was deemed necessary or proper to supply the omission. It was accordingly declared, in effect, that, if the plaintiff is an actual resident at the time the suit is brought, jurisdiction shall attach, provided, however, that both parties have become and remained inhabitants of the state for the period of one year. This clause was manifestly designed to provide for the case where the defendant is not a resident of the state when the suit is commenced. In other words, the purpose of the second and third clauses was to provide for the case where both parties are not resident. If the marriage has been contracted within the state, the period of the parties' residence is immaterial; but, if solemnized out of the state, it is required, in order to maintain an action against a nonresident defendant, that both parties should at some time have become and remained inhabitants for the period of one year. The statute provides for two distinct classes of cases: First, where jurisdiction depends upon the residence of both the plaintiff and defendant within the forum at the time of the commencement of the action; secondly, where jurisdiction depends upon the residence of the plaintiff alone within the forum at the time when the action is commenced. The second and third clauses provide for the latter class of cases, and neither can be construed as a limitation or qualification of the first clause. To give them such an effect would render the first clause surplusage. Operation and effect must be given to each clause. The terms of the first clause are absolute,—without any qualification, condition, or restriction whatever. A residence by one or both of the parties for one year within the state is not requisite, even though the marriage was contracted elsewhere. A bona fide residence of both parties within the state at the time of the commencement of the action is all that is required. The locality of the marriage or the duration of the residence is of no consequence. If the first clause does not cover the case here presented, it is difficult to perceive that it can have application to

any case. It can have no application to the class of cases provided for by the other clauses, since they have reference only to the fact of residence of one of the parties,—i. e. the plaintiff. Since both parties to this action were residents when it was commenced, the question of jurisdiction must be determined by the first clause; and it is therefore of no consequence how long their residence has continued, or where they were married. The language of the Code is clear and unequivocal,—that the action ·may be brought "in either of the following cases." The Ramsden Case should therefore be declared overruled on the point herein discussed.

The true meaning of the whole section under consideration is this: First. Where both parties are residents of the state when the action is commenced, the action can be maintained, without reference to how long either one of them may have resided in the state. Second. Where the marriage took place within the state, the plaintiff, who is a resident of the state when the action is commenced, may maintain the action against a nonresident defendant. without reference to the length of the plaintiff's residence, and without its being required that the defendant should ever have resided within the state. Third. Where the parties were married without the state, the plaintiff can only maintain an action in the state against a nonresident defendant when the parties have at some time been residents of the state for at least a year, and the plaintiff is a resident of the state when the action is commenced.

Our conclusion is that this action is maintainable, and that the order of the special term should be affirmed, with $10 costs and disbursements. All concur.