In the Matter of EDNA W. STERN, Respondent.
WALTER T. STERN, Appellant.

Argued February 25, 1941; decided April 17, 1941.

*Nathan A. Smyth* for appellant.

240

*Isaac H. Levy* for respondent.

DESMOND, J. Appellant and respondent are husband and wife. They separated in December, 1939. Desiring to reach an agreement as to (1) " the amount of the allowance to be made by the husband for the support of the wife " and (2) " the amount of the allowance to be made by the husband for the support of a daughter," then seventeen years of age, the parties by a written stipulation submitted these matters to an arbitrator, who took testimony and made an award fixing the amounts to be paid by the husband. Upon a motion by the respondent wife this award was confirmed by Special Term and judgments were entered (1) in favor of the wife in accordance with the terms of the award in her favor and (2) in favor of the wife as guardian *ad litem* of the daughter in accordance with the terms of the award in the daughter's favor. The

Appellate Division modified the judgments by reversing the judgment in favor of the wife as guardian *ad litem* and including the amount thereof in the judgment in favor of the wife individually. The reason stated for this modification was that the daughter was a minor and not a party to the arbitration agreement. It had been agreed before the arbitrator that such amounts as were awarded to the daughter should be paid pursuant to her instructions and since her instructions were that the money should be paid to her mother, the wife, only one judgment could be entered.

On this appeal we must decide whether the arbitration here was of such a character that the award could on motion be confirmed by the court and a judgment entered thereon, pursuant to section 1464 of the Civil Practice Act. The subject of the arbitration was the amount of support that the husband should pay to his wife and daughter. It is well established that such matters cannot be made the subject of an action. (*Ramsden* v. *Ramsden*, 91 N. Y. 281; *Johnson* v. *Johnson*, 206 N. Y. 561.) The fact that the court has the power under section 1164 of the Civil Practice Act to provide for support in a separation action even though a judgment be not rendered obviously does not change the rule that a dispute over the amount to be paid by the husband for support can never, in and of itself, be the subject-matter of an action. Thus, whatever the parties may have intended, the proceeding could not be considered as one under the statute (Civ. Prac. Act, § 1448) as the submissions therein described are those controversies "which may be the subject of an action." Respondent answers that the words "which may be the subject of an action" mean no more than that the controversy must be "a justiciable controversy, that there shall be obligation, that this obligation may be measured in a judicial manner, and that the determination is such as may be enforceable in accordance with the remedies provided by law." This contention was advanced in the case of *Matter of Buffalo & Erie Ry. Co.* (250 N. Y. 275) and there rejected. The decision in the case of *Matter of Mohawk Mfg. Co.* v. *Cavicchi* (281 N. Y. 629) is not authority to the contrary.

Respondent would have us construe the written submission as a contract to provide support. Such a construction seems unwarranted. The submission amounted simply to an agreement that an arbitrator measure and fix the amount that a husband should pay for the support of his wife and daughter, without reference to the causes of the separation, or fault, or the right of either to a separation decree against the other. As was said by LEHMAN, J., in *Matter of Fletcher* (237 N. Y. 440, 451): " The provisions of the Arbitration Law are properly applicable to any contract where the parties have agreed to substitute for the courts an informal tribunal of their choice in the settlement of a controversy, but they are not applicable where the parties have agreed only to permit third parties to decide a particular matter instead of attempting to reach an agreement themselves." In the case, at bar " the parties have agreed only to permit third parties to decide a particular matter instead of attempting to reach an agreement themselves."

Taking as we do, the position that the submission here is not a controversy within the purview of the statute, we need not consider appellant's claim that the parties themselves, by using the phrase " non-statutory arbitration " in certain correspondence, agreed that it was not to be enforced in the manner described in the Civil Practice Act.

The judgments should be reversed and the proceeding dismissed, without costs. (See 285 N. Y. 846.)

LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur; LEHMAN, Ch. J., taking no part.

Judgments reversed, etc.