In the Matter of the Arbitration Between JOSEPH L. KALLUS, Respondent, and IDEAL NOVELTY & TOY COMPANY, Appellant.

Argued March 8, 1944; decided May 25, 1944.

*George Lion Cohen, Paul Martinson* and *Murray H. Paloger* for appellant. I. Paragraph 7 of the agreement was void for indefiniteness, in failing to provide the period of time of the license, and was a mere '' agreement to agree ''. (*Sun P. & P. Assn.* v. *Remington P. & P. Co.,* 235 N. Y. 338; *St. Regis Paper Co.* v. *Hubbs & Hastings P. Co.,* 235 N. Y. 30; *United Press* v. *New York Press Co.,* 164 N. Y. 406; *Ansorge* v. *Kane,* 244 N. Y. 395; *Pratt Co., Inc.,* v. *Roseman,* 259 App. Div. 534; *Mutual Life Ins. Co.* v. *Stephens,* 214 N. Y. 488; *Matter of Buffalo & Erie Ry. Co.,* 250 N. Y. 275.) II. Because of the invalidity of paragraph 7, there is no arbitrable '' controversy '' between the parties, under section 1448 of the Civil Practice Act. (*Matter of Kramer & Uchitelle, Inc.,* 288 N. Y. 467; *Matter of Kahn & Feldman, Inc.* [*Rothschild*], 265 App. Div. 470, 290 N. Y. 781; *Matter of Metro Plan, Inc.,* v. *Miscione,* 257 App. Div. 652; *Matter of Mfrs. Chem. Co.* v. *Caswell, Strauss Co.,* 259 App. Div. 321; *Matter of Gruen* v. *Carter,* 173 Misc. 765, 259 App. Div. 712; *Matter of Webster* v. *Van Allen,* 217 App. Div. 219.) III. Even if paragraph 7 were valid, the duration of the license thereunder is not arbitrable under section 1448, as amended. (*Matter of Fletcher,* 237 N. Y. 440, 6 Williston on Contracts [Rev. ed.], § 1921a; *Lantry* v. *Mede,* 127 App. Div. 557, 194 N. Y. 544; *Sebree* v. *Board of Education,* 254 Ill. 438; *Berizzi Co.* v. *Krausz,* 239 N. Y. 315; *People* v. *Dethloff,* 283 N. Y. 309; *Hayes* v. *Davidson,* 98 N. Y. 19; *Matter of Buffalo & Erie Ry. Co.,* 250 N. Y. 275; *Matter of Stern,* 285 N. Y. 239.)

*Walter S. Beck* and *Leon Alexandroff* for respondent. I. The determination of the duration of the license granted to appellant under paragraph 7 of the agreement, is a proper subject for arbitration under section 1448 of the Civil Practice Act. (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76; *Matter of Berkowitz* v. *Arbib & Houlberg,* 230 N. Y. 261.) II. Paragraph 7 of the agreement, which grants to appellant a license to use respondent's patents, etc., even after termination of respondent's employment, upon payment of royalties of three per cent — for a period to be determined by arbitrators — is definite and therefore valid and enforcible. (*May Metropolitan Corp.* v. *May Oil Burner Corp.,* 290 N. Y. 260; *Smith* v. *Rector, etc., of St. Philips Church,* 107 N. Y. 610; *Moon Motor Car Co.* v.

*Moon Motor Car Co.*, 29 F. 2d 3; *Tin Decorating Co. of Baltimore* v. *Metal Package Corporation*, 29 F. 2d 1006; 37 F. 2d. 5, 281 U. S. 759; *Small* v. *Heywood-Wakefield Co.*, 13 F. Supp. 835, 87 F. 2d 716, 301 U. S. 698.)

Loughran, J. The parties were formerly employer and employee and will be referred to as such for convenience' sake. The terms of the employment were set forth in a letter written by the employer upon which the employee indorsed his acceptance on February 11, 1939. The material parts thereof are the following:

" 2. Your services to the Corporation shall consist of designing, developing and supervising the manufacture and sale, and also selling a new line of Dolls, Toys and Novelties not manufactured heretofore by us  *  *  *. In addition thereto, you will supervise the manufacture and sale, and you will also sell Toys, Dolls and other Novelties manufactured by us in various departments of our business  *  *  *.

" 3. In consideration of the services you are to render exclusively to us, your salary is to be One Hundred Dollars ($100.00) per week  *  *  *.

" 4. It is understood between us that whatever copyrights, names, design patents or other patents, license rights, common law rights that you now own and whatever developments you make for us on the basis of such rights shall be recognized as your property. During the time that you are in our employ, we are to have the sole and exclusive rights to use the same without any compensation to you, save the salary above mentioned. · This also includes any pending license agreements. *  *  *

" 7. Upon termination of this employment for whatever reason, we shall have the right to continue to manufacture under all the rights, patents, etc. stated in Paragraph 4, upon payment to you of a royalty of three percent (3%) of our net wholesale selling price for a period of time to be arbitrated. It is also understood that you personally shall have the right to use all these patents and other rights enumerated in Paragraph 4 in your own business, but you shall not have the right to license any other manufacturer to use them.  *  *  *

" 9. Any and all disputes arising under this agreement shall be settled by arbitration in the State of New York, according to the arbitration laws of the State of New York, by the American Arbitration Society located in New York City and under its rules and regulations."

This contract came to an end on January 31, 1942. Asserting that the employer had thereafter taken advantage of the rights listed in paragraph 4, the employee on April 6, 1943, demanded arbitration of a dispute as to whether he was entitled, for a period of time to be arbitrated, to royalties at the rate fixed by paragraph 7. The employer thereupon moved for an order permanently staying the arbitration so demanded and has now appealed to this court from the denial of that motion in the courts below. (See Civ. Prac. Act, art. 84, § 1458.)

The words of paragraph 7, as we read them, gave the employer the right to have a fresh license from the employee on the termination of the contract, if the employer so elected. The employee makes no claim of such an election and, that being so, the first question is whether the employer can be forced to accept a further license for any period of time. To say yes would be to say that statutory arbitrators have power to make an award in the shape of a new contract. This idea, of course, cannot be maintained, for no court can impose a contract upon parties, and under our statute arbitrators can deal only with controversies that are open to judicial cognizance. (*Matter of Buffalo & Erie Ry. Co.*, 250 N. Y. 275; *Matter of Stern*, 285 N. Y. 239.) This last proposition was not altered by the addition to Civil Practice Act, section 1448, of the provision authorizing arbitration of " questions arising out of valuations, appraisals or other controversies which may be collateral, incidental, precedent or subsequent to any issue between the parties " (L. 1941, ch. 288; see *Matter of Fletcher*, 237 N. Y. 440; *Matter of Kramer* v. *Uchitelle, Inc.*, 288 N. Y. 467).

The orders should be reversed and the motion for a stay granted, with costs in the Appellate Division and in this court.

LEHMAN, Ch. J., RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Orders reversed, etc.