In the Matter of SELECT OPERATING CORPORATION, Petitioner. RICHARDS RODGERS, as President of the Dramatists' Guild of the Authors' League of America, Inc., an Unincorporated Association of More Than Seven Members, Respondent.

Supreme Court, Special Term, New York County, August 31, 1944.

*Klein & Weinberger* for petitioner.

*Gray & Grossman* for respondent.

FRANKENTHALER, J. The controversy as to which arbitration is sought is within the scope of the minimum basic agreement. Respondent attempts to defeat arbitration by urging that the dispute sought to be arbitrated is not one " which may be the subject of an action " and is therefore excepted from the scope of section 1448 of the Civil Practice Act, citing *Matter of Stern* (285 N. Y. 239). The cited case related however to a submission to arbitration of an existing controversy, as to which

section 1448 of the Civil Practice Act clearly provides that the controversy must be one which may be the subject of an action. No similar qualification is to be found in connection with the subsequent language of section 1448 dealing with contracts " to settle by arbitration a controversy thereafter arising ". Nor may it be argued that the qualification " which may be the subject of an action " governing submissions to arbitration is to be implied in the language relating to contracts to settle a subsequent controversy. This is clear not only from the language of the section, but, also, from the fact that the provisions relating to written contracts to settle a subsequent controversy by arbitration were taken over from section 2 of the Arbitration Law and added to section 1448 of the Civil Practice Act at a time when the provision for a submission to arbitration was already in the Civil Practice Act. Section 2 of the Arbitration Law, which was added to section 1448 by chapter 341 of the Laws of 1937, provided that " A provision in a written contract to settle by arbitration a controversy thereafter arising between the parties to the contract, or a submission hereafter entered into of an existing controversy to arbitration pursuant to * * * the civil practice act, shall be valid, enforcible and irrevocable ". No requirement that the controversies be such as " may be the subject of an action " was contained in section 2 of the Arbitration Law in relation to contracts to settle future controversies by arbitration and accordingly no such requirement as to such future controversies can be read into section 1448 of the Civil Practice Act.

The motion to compel arbitration is granted. Settle order.