In the Matter of the Arbitration between BELLE ROBINSON, Petitioner, and BARNETT ROBINSON, Respondent.

Supreme Court, Special Term, New York County, December 20, 1945.

*James J. Regan* for petitioner.

*Irving D. Lipkowitz, William Hughes Lewis* and *David Kugel* for respondent.

WALTER, J.  On May 26, 1938, a husband and wife entered into an agreement which, after reciting the fact of their separation, their desire to settle their property rights and the custody of their children, and the desire of the husband to make provision for the maintenance and support of the wife and children, provides that the husband, during his lifetime, shall provide the means for the support and maintenance of the wife and the support and maintenance and education of the children during the lifetime of the wife, and for that purpose shall pay to the wife a stated sum weekly for one year, and at the expiration of said one year if the parties cannot agree on the amount to be paid, the amount shall be fixed by arbitration under article 84 of the Civil Practice Act of the State of New York.

By subsequent agreements the weekly payments were fixed at stated sums to and including December 31, 1944. Differences then arose as to what the weekly amount should be after that date. The wife demanded arbitration, but the husband refused, and he now opposes this motion by the wife to compel arbitration, not upon the ground that he did not agree to arbitrate or that differences have not arisen, but upon the ground that the controversy is not arbitrable in character. His argument is that no controversy is arbitrable unless it is one which may be made the subject of an action, and that our courts cannot entertain an action simply for the fixation of the amount a husband shall pay for the support of his wife and children.

To my mind the contention so advanced is startling in the extreme. Fixing the amount which a husband shall pay for the support of his wife and children is something which our courts are doing practically every day, and the discouragement of litigation over that subject is so plainly in the public interest that I would have supposed that no question could be raised as to the right of the parties to agree upon another tribunal to do the same thing.

The general rule of the common law was that any civil controversy, whether constituting a cause of action or not, could be submitted to arbitration, except that the restrictions upon alienation of real estate arising out of the peculiarities of feudal tenures sometimes were held to prevent the submission of controversies respecting the right to real estate (5 C. J., Arbitration and Award, §§ 21–29; 3 Am. Jur., Arbitration and Award, §§ 11–13; Russell on Arbitration and Award [13th ed.], pp. 1, 5; Sturges on Commercial Arbitrations and Awards [1930 ed.], §§ 60–65; 1 Arbitration Journal [1937], pp. 345–349; *Davis* v. *Rochester Can Co.,* 124 Misc. 123, revd. on another point, 220 App. Div. 487).

Our statute (Civ. Prac. Act, § 1448), with stated exceptions not here material, authorizes and makes valid and binding (1) a submission to arbitration of any controversy existing between the parties at the time of the submission which may be the subject of an action, and (2) a contract to settle by arbitration a controversy thereafter arising between them.

The statute thus differentiates between submissions to arbitration and contracts to submit future disputes to arbitration; and while the authorization of submissions is limited to controversies " which may be the subject of an action ", the authorization of contracts to settle future controversies by arbitration is not subject to that limitation.

In this State it became settled sixty-two years ago that a wife cannot maintain an action against her husband for the sole purpose of obtaining maintenance and support, such relief being obtainable only as an incident of an application for divorce or separation (*Ramsden* v. *Ramsden,* 91 N. Y. 281; *Johnson* v. *Johnson,* 206 N. Y. 561); but the courts of many other States have taken the opposite view that courts of equity have inherent jurisdiction to entertain such suits, irrespective of any application for divorce or separation; and suits by wives for separate maintenance are common incidents in the jurisprudence of many States (27 Am. Jur., Husband and Wife, § 402; 2 Vernier on American Family Laws, pp. 471–482; *Lang* v. *Lang,* 70 W. Va. 205; *Bray* v. *Landergren,* 161 Va. 699, 704–706; *Graves* v. *Graves,* 36 Iowa 310; 2 Va. L. Rev. 134; 24 Iowa L. Rev. 137). Controversies such as the one here involved thus may be the subject of an action in many States; and submission to arbitration of a controversy between husband and wife as to what amount he should pay for her support and maintenance and the support, education and maintenance of their children (as well as a contract to settle by arbitration a controversy on that subject thereafter arising between them) thus plainly is authorized by our statute unless the words " which may be the subject of an action " appearing in section 1448 of the Civil Practice Act are to be read in the very limited and restricted sense of meaning a controversy of which the courts of this State are given jurisdiction, instead of in what seems to me their more natural and logical sense of meaning a controversy of such nature as, under general legal and equitable principles, could be submitted to and decided by a court. And considering our common-law doctrines with respect to arbitration and the history and purposes of the enactment of our present arbitration statute, it seems to me incredible that by such enactment our Legislature intended to narrow the scope of the controversies which may be submitted to arbitration, and but for *Matter of Stern* (285 N. Y. 239) I would say that no plausible argument could be presented in favor of the view that the mere accident of a decision that it is only in connection with an application for separation or divorce that our courts can fix the extent of a husband's obligation to support his wife and family destroys the validity of a submission to arbitration of a controversy respecting what that amount should be. I am forced to recognize, however, that in *Matter of Stern* (*supra,* p. 241) the Court of Appeals specifically stated that the view that the words " which may be the subject of an action " mean no more than

that the controversy must be justiciable has been rejected, and I accordingly must rest decision of this motion upon the narrow ground that what is here involved is a contract to settle by arbitration a controversy thereafter arising, rather than a submission of an existing controversy, and that for the validity of such a contract our statute does not make it essential that the controversy be one which may be the subject of an action.

It is obvious, of course, that courts cannot make contracts for parties, even though they attempt by agreement to confer upon the courts the power to do so (*Stoddard* v. *Stoddard*, 227 N. Y. 13; *Matter of Buffalo & Erie Ry. Co.*, 250 N. Y. 275; *Matter of Kallus [Ideal Novelty & Toy Co.]*, 292 N. Y. 459, 462). But nothing of that sort is here attempted. The husband's obligation of support arises from the marital and parental status, and all that is here sought is that that existing obligation be measured and defined in terms of a stated number of dollars according to the situation of the parties; and the judicial nature of such measurement and definition is not lessened by the accident that in the courts of this State such measurement and definition are made only in connection with an application for a divorce or separation.

It may be noted in passing that since *Matter of Buffalo & Erie Ry. Co.* (250 N. Y. 275) was decided, the Legislature has amended section 1448 of the Civil Practice Act by inserting therein (1): " A provision in a written contract between a labor organization, as defined in subdivision five of section seven hundred one of the labor law, and employer or employers or association or group of employers to settle by arbitration a controversy or controversies thereafter arising between the parties to the contract including but not restricted to controversies dealing with rates of pay, wages, hours of employment or other terms and conditions of employment of any employee or employees of such employer or employers shall likewise be valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract " (L. 1940, ch. 851), and (2): " Such submission or contract may include questions arising out of valuations, appraisals or other controversies which may be collateral, incidental, precedent or subsequent to any issue between the parties." (L. 1941, ch. 288.)

But nothing in this motion calls for any expression of opinion as to the effect of such amendments.

The motion to compel arbitration is accordingly granted. Settle order.