Cohn, J.
The plaintiff and defendant are husband and wife. Under an existing separation agreement between them it is provided that if, at the end of each two-year period, the parties are unable to agree as to the amount of the weekly payments to be made by defendant for the support of plaintiff and the two children of the marriage during the next succeeding two-year period, either party may demand that the amount be fixed by arbitration. Differences have arisen between plaintiff and defendant in that they have not agreed upon the amount to be paid by defendant after December 31, 1944. Plaintiff has demanded that the amount to be paid be fixed by arbitration. Her motion to compel defendant to proceed to arbitration having been granted, the defendant appeals.
The husband contends that he may not be compelled to arbitrate the amount to be paid for the support of his wife and children because a dispute as to such a matter could not be the subject of an action. We think that his contention is well founded. Under the statute (Civ. Prac. Act, § 1448), only matters which may be the subject of an action may be submitted to arbitration. (Matter of Stern, 285 N. Y. 239; Matter of Buffalo & Erie Ry. Co., 250 N. Y. 275, 279; Matter of Benedict [Limited Editions Club, Inc.], 265 App. Div. 518.)
It is well settled that no action will lie solely for maintenance and support. Courts have jurisdiction to make an allowance for maintenance and support only as an incident to an action for divorce or separation. (Ramsden v. Ramsden, 91 *100 N. Y. 281; Johnson v. Johnson, 206 N. Y. 561.) Because it may not be the subject of an action, the issue, in and of itself, as to the amount to be paid by defendant for maintenance and support of his wife and children does not present an arbitrable" controversy. In Stoddard v. Stoddard (227 N. Y. 13), the Court of Appeals held that no action could be brought to fix a new amount to be paid to a wife for support under a separation agreement which contained a provision that in the event of material change in the circumstances of either party an application might be made to a court of competent jurisdiction for a modification of the amount to he paid to the wife.
In Matter of Stern (supra), a judgment entered upon an award of arbitrators was reversed and it was held that a dispute over the amount to be paid by a husband for the support of his wife and minor child could not be made the subject of an action and, therefore, was not within the provisions of our arbitration statute. The Court of Appeals, at page 241, by Desmond, J., said: “ The subject of the arbitration was the amount of support that the husband should pay to his wife and daughter. It is well established that such matters cannot be made the subject of an action. (Ramsden v. Ramsden, 91 N. Y. 281; Johnson v. Johnson, 206 N. Y. 561.) The fact that the court has the power under section 1164 of the Civil Practice Act to provide for support in a separation action even though a judgment be not rendered obviously does not change the rule that a dispute over the amount to be paid by the husband for support can never, in and of itself, be the subject-matter of an action. Thus, whatever the parties may have intended, the proceeding could not be considered as one under the statute (Civ. Prac. Act, § 1448) as the submissions therein described are those controversies ‘ which may be the subject of an action. ’ Respondent answers that the words ‘ which may be the subject of an action ’ mean no more than that the controversy must be ‘ a justiciable controversy, that there shall be obligation, that this obligation may be measured in a judicial manner, and that the determination is such as may be enforceable in accordance with the remedies provided by law. ’ This contention was advanced in the case of Matter of Buffalo & Erie Ry. Co., (250 N. Y. 275) and there rejected.”
Plaintiff argues that arbitration of the present controversy is now permitted by virtue of the amendment to the arbitration law enacted in the year 1941. (L. 1941, eh. 288.) Such contention was overruled in the ease of Matter of Kallus (Ideal Novelty & Toy Co.) (292 N. Y. 459, 462) where the court, by Loughban, J. *101 (now Chief Judge), said: “ This idea, of course, cannot be maintained, for no court can impose a contract upon parties, and under our statute arbitrators can deal only with controversies that are open to judicial cognizance. (Matter of Buffalo & Erie Ry. Co., 250 N. Y. 275; Matter of Stern, 285 N. Y. 239.) This last proposition was not altered by the addition to Civil Practice Act, section 1448, of the provision authorizing arbitration of ‘ questions arising out of valuations, appraisals or other controversies which may be collateral, incidental, precedent or subsequent to any issue between the parties ’ (L. 1941, ch. 288; see Matter of Fletcher, 237 N. Y. 440; Matter of Kramer v. Uchitelle, Inc., 288 N. Y. 467).”
As no arbitrable controversy is here presented, the order appealed from was erroneous. The order should, accordingly, be reversed and the application to compel arbitration denied, but without costs.
Maetin, P. J., Townley, Glenhon and Dobe, JJ., concur.
Order unanimously reversed, without costs, and the application to compel arbitration denied. [See 270 App. Div. 1014.]