In the Matter of DELMAR BOX CO., INC., Respondent. ÆTNA INSURANCE COMPANY et al., Appellants; NATIONAL COMMERCIAL BANK AND TRUST COMPANY et al., Respondents.

Third Department, February 3, 1955.

*F. Walter Bliss, Warner M. Bouck* and *Francis J. Holloway* for appellants.

*Roland Ford* for Delmar Box Co., Inc., respondent.

FOSTER, P. J. This is an appeal from an order of the Supreme Court, Albany County Special Term, which directed the appellant insurance companies to proceed to arbitration and appraisal of an alleged fire loss under certain fire insurance policies.

The policies in question contain the following appraisal clause, authorized by section 168 of the Insurance Law. " Appraisal. In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and

loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.''

Prior to the institution of this proceeding petitioner had demanded of the appellant companies that they comply with the provisions of the foregoing appraisal clause. The companies refused on the ground that the policies were void because petitioner had misrepresented and concealed material facts concerning the subject matter of insurance, and its representatives had sworn falsely as to matters relating to the fire and the loss alleged to have been sustained. It should be noted here that an action is pending in the Supreme Court to determine the issue of liability on the policies in question.

The rationale of the decision at Special Term was that since there is no issue that the policies were validly issued, the alleged policy violations occurring thereafter, that arbitration and appraisal of the fire loss must be compelled under the 1941 amendment to the Arbitration Law (Civ. Prac. Act, art. 84, § 1448; L. 1941, ch. 288), and under our decision in the case of *Matter of Fitzgerald (Continental Ins. Co.)* (275 App. Div. 453).

Although the issues and the facts in the *Fitzgerald* case are somewhat different it is true that we held there substantially that standard appraisal clauses in fire insurance policies came within the 1941 amendment to the Arbitration Law, and arbitration and appraisals thereunder could be compelled. Since then the Court of Appeals has spoken quite clearly to the contrary in *Syracuse Sav. Bank* v. *Yorkshire Ins. Co.* (301 N. Y. 403, 410, 411). It said there: '' We can see nothing in section 1448 of the Civil Practice Act as amended in 1941, requiring the appraisal authorized by section 168 of the Insurance Law to be treated as an arbitration proceeding. * * * There is nothing in the policy provision relating to appraisal which gives an appraiser the status of an arbitrator or requires him to sign an oath. It is well established that the determination of a fire loss is not an arbitration proceeding [citations] and that an appraiser's oath is unnecessary [citations].'' This language effectively overrules our decision in the *Fitzgerald* case, and hence we must revert to the rule, we thought changed by the amendment of 1941, that clauses with reference to appraisals in fire insurance policies do not constitute enforcible agreements to arbitrate controversies arising thereunder, at least where they are couched in the language used in the policies before us (*Matter of Fletcher*, 237 N. Y. 440).

It follows that the order should be reversed, with $10 costs and printing disbursements, and the petition dismissed.

Order reversed, with $10 costs and printing disbursements, and petition dismissed, without costs.

BERGAN, COON and ZELLER, JJ., concur; IMRIE, J., taking no part.