Egbert Dosgher, J.
Plaintiffs, as trustees of an inter vivos trust for the benefit of their father, bring this action against their mother for an accounting. The history of this action, as pleaded in the complaint, is as follows. For many years prior to March 20,1957 the beneficiary of the trust and the defendant were the owners, as tenants by the entirety, of certain property in the town of Harrison. On the date mentioned, the beneficiary conveyed his interest to one of his sons, Anthony, who subsequently on May 24, 1957 conveyed the property to himself and *553 another as trustees for the father beneficiary. The trust agreement was to be effective as of March 20, 1957, the date that the beneficiary of the trust conveyed his interest. It is alleged that defendant, a tenant by the entirety, collected rents for which she has not accounted. On these facts, an accounting is demanded. No attack has been made against the complaint.
1. In addition to denying the allegations of the complaint, defendant has pleaded facts by way of an affirmative defense and setoff. It is very difficult for the court to determine just what the defendant is attempting to set up. It may be that the facts, if pleaded in an action against the beneficiary, her husband, would entitle defendant to a judgment of separation. Of course, this she cannot get in the suit at bar.
2. If a separation is not sought (and there is not, and could not be, a demand therefor), the plea must be determined to be a claim for maintenance and support. However, it is well settled that no claim will be entertained solely for maintenance and support in this State. The courts have jurisdiction to make an allowance for separate maintenance and support only as an incident to a matrimonial action (Matter of Robinson [Robinson], 271 App. Div. 98, revd. 296 N. Y. 778; Johnson v. Johnson, 206 N. Y. 561; Ramsden v. Ramsden, 91 N. Y. 281).
It follows therefore that defendant’s allegations of cruelty and failure to support have no substantial relation to the accounting action before the court, and cannot affect the decision in any wise. To permit them to stand would prejudice and delay the present controversy.
Motion to strike out the matter pleaded, paragraphs ‘ ‘ Third ’ ’ through ‘ ‘ Fifteenth ’ ’ inclusive of the answer, is granted.
Settle order on notice.