costs to respondent. While an examination of the record, without more, might suggest more liberal visitation privileges for the father, there are other important factors to be considered. At Special Term, the learned Trial Justice heard testimony for 14 days. He personally interviewed the parties and the infant, and was thereby enabled to obtain a first-hand impression of them. Under the circumstances, his determination should not be disturbed. The welfare of the child is of paramount importance and any "rights" of appellant should be selflessly subordinated at this time. Settle order. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

LUDMILLA HUNTER, Respondent, v. ALLAN B. HUNTER et al., Appellants.— Order unanimously modified, on the law and in the exercise of discretion, without costs, so as to stay the action until the termination of the separation suit between the parties. Where a determination in one action will dispose of the controversy in another, the latter should be stayed (3 Carmody-Wait, New York Practice, p. 36). A judgment in the wife's favor in the separation suit would dispose of all the issues raised in this action (*Garvin* v. *Garvin*, 306 N. Y. 118; *Presbrey* v. *Presbrey*, 6 A D 2d 477, affd. 8 N Y 2d 797). Concur — Botein, P. J., Breitel, Rabin, Valente and Stevens, JJ.

LUDMILLA HUNTER, Respondent, v. ALLAN B. HUNTER et al., Appellants.— Motion for leave to reargue appeal or for leave to appeal to the Court of Appeals denied. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

In the Matter of the Arbitration between SAMUEL REIF, as President of Local 169, Amalgamated Clothing Workers of America, Respondent, and WILLIAMS SPORTSWEAR, INC., Appellant.— Order unanimously reversed on the law and on the facts, with $20 costs and disbursements to the appellant and the motion to stay arbitration is granted, with $10 costs. The partnership, which had been a party to the collective bargaining agreement, was dissolved in September, 1957 and the assets distributed between the principals. Thereafter, in December, 1957, the persons who had comprised the partnership formed a corporation, the appellant herein. The record is clear that the corporation never signed, accepted or became a party to the bargaining agreement with its provision for arbitration. There can be no arbitration unless it is first found that the parties have agreed to arbitrate (*Matter of Spectrum Fabrics Corp.* [*Main St. Fashions*], 285 App. Div. 710, 714) and the court cannot impose such a contract upon the parties. (See *Matter of Kallus* [*Ideal Novelty & Toy Co.*], 292 N. Y. 459.) Similarity of name or identity of individual participation resulting in the formation of the corporation cannot obscure the fact that in law a new entity was created. Regardless of possible individual liability on the part of the two principals who formed the corporation, it cannot be compelled to arbitrate in the absence of the existence of an agreement to do so. Concur — Botein, P. J., Breitel, Rabin, Valente and Stevens, JJ.

MARY A. WILKINSON, Respondent, v. SAMUEL N. WILKINSON, Appellant.— Order unanimously reversed, on the law and on the facts, and the motion for alimony *pendente lite* and counsel fees in this action for separation is denied, without costs. The separation agreement between the parties cannot be stamped as void upon its face on the ground that it is against public policy and violative of section 51 of the Domestic Relations Law (cf. *Dworkin* v. *Dworkin*, 247 App. Div. 213). Nor can its validity be determined on a motion of this nature, upon affidavits which make meager reference to it (*Rosenblatt* v. *Rosenblatt*, 209 App. Div. 373; *Solomene* v. *Solomene*, 229 App. Div. 728). Accordingly, while the separation agreement exists plaintiff may not secure the temporary relief she seeks. Concur — Botein, P. J., Breitel, Rabin, Valente and Stevens, JJ.